BERTHA WUESTHOFF et al., by Guardian, etc., Appellants, *v.* GERMANIA LIFE INSURANCE COMPANY, Respondent.

While an obligation due an infant may, with or without express words authorizing it, be discharged by payment to the guardian of the infant, it is with the qualification that the guardian is authorized to receive payment.

The power of a parent to appoint, by deed or will, a guardian of his infant children, does not exist in the absence of a statute conferring it, and the legislature may define, limit and regulate the authority of guardians, and prescribe the condition under which it shall be exercised.

*It seems* the exercise by courts of a power, to disregard a particular provision of a statute, on the ground that it is directory, not mandatory, should be with great caution.

The provisions of the statutes of this state in reference to testamentary guardians relate exclusively to domiciliary guardianship, under wills or deeds of residents of this jurisdiction. The rights and powers of the guardian are strictly local, and circumscribed by the jurisdiction of the government which clothed him with his office.

*It seems,* however, that a payment by a debtor in this state to a foreign guardian will be good, if the guardian, by the law of the state from which he derives his appointment, is authorized to receive it.

Defendant issued a policy of insurance on the life of W., payable to A., his wife. In case of her death before the death of the insured the policy provided that the amount of insurance "shall be payable to her children * * * or to their guardian, if under age." W., resided in New Jersey, where the policy was issued, and continued so to do up to the time of his death. He survived his wife and remarried. By his will he appointed his second wife guardian of his children by the first wife, who were infants. She, as such guardian, served on defendant notice and proof of the death of W., and of his first wife, and defendant thereupon paid to her the amount of the policy. The laws of New Jersey provide that a father may, by deed or will, appoint a guardian for his minor children (N. J. R. S. 664, § 1), but by another section (p. 762. § 48), provide that every testamentary guardian "shall, before he exercises any authority over the minor or his estate, appear before the Orphan's Court and declare his acceptance of the guardianship * * * and shall give bond * * * for the faithful execution of his office unless it is otherwise directed by the testator's will." The guardian at the time of receiving payment on the policy had not declared her acceptance of the guardianship or given a bond as required. In an action by the children to recover the amount of the policy, *held*, that the case was to be governed by the laws of New Jersey; that the giving of security was a necessary prerequisite

to the exercise of any authority by the guardian over the estate of the ward; that the guardian, therefore, was not authorized to receive payment; and that such payment was not a defense to the action.

The will was executed under seal. It was claimed that the statutory limitation did not apply, as that relates to a guardian appointed by will, while here the appointment was by deed. *Held* untenable; that the unnecessary addition of a seal did not change the character of the instrument or justify treating it as in part a will and in part a deed.

The policy was, by its terms, payable " sixty days after due notice and proof of the death." It was claimed by defendant that plaintiffs, by repudiating the act of the guardian in receiving payment also repudiated her act in giving notice, etc., and so that no notice or proof of death had been furnished. *Held* untenable; that while the guardian had no power to interfere with the infants' estate before giving security, she had sufficient authority to take a step in the interest of the infants to accelerate the maturing of the claim; also, that defendant was precluded by accepting and acting upon the notice without objection.

It was also claimed that, as the guardian had not qualified, there was no person authorized to receive payment, and, until there was, defendant was not liable. *Held* untenable; that the guardian *ad litem* was a guardian within the meaning of the policy, and was authorized to receive payment and execute a discharge.

(Argued October 3, 1887; decided January 17, 1888.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 3, 1885, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury.

This action was brought by plaintiffs, the infant children of Friedrich Wuesthoff, deceased, upon a policy of insurance upon the life of their father, payable to Amelia, his wife, or, in case of her death before his, to their children.

The material facts appear in the opinion.

*Charles B. Meyer* for appellants. This suit was properly brought by the plaintiffs, they, as infants, being represented by their guardian *ad litem*. (*Segelkin* v. *Meyer*, 94 N. Y. 473; *Higgins* v. *Hannibal & St. Jo. R. R. Co.*, 36 Mo. 418; *B. & O. R. R. Co.* v. *Fitzpatrick*, 36 Md. 619; *Price* v. *Phœnix M. L. Ins. Co.*, 17 Minn. 500; *Clemmitt* v. *N. Y. Life Ins. Co.*, 76 Va. 360; *Piggott* v. *Thompson*, 3 Bos.

& P. 149; *Gilmore* v. *Pope,* 5 Mass, 491; *Taunton Co.* v. *Whiting,* 10 id. 327; *Baley* v. *Onondaga Ins. Co.,* 6 Hill, 477; *Lane* v. *Columbus Ins. Co.,* 2 Code R. 65; Code, § 474; Rule 51.) Due notice and proof of death, as required by the policy, was given to the defendant. (*Kennedy* v. *Home Ins. Co.,* 9 Ins. L. J. 359; *Sims* v. *State Ins. Co.,* 47 Mo. 60; May on Insurance, § 465; *Guardian Life Ann. & Trust Co.* v. *Ins. Co.,* 9 Weekly Notes of Cases, 425; May on Insurance, §§ 466, 512; *Eclipse Ins. Co.* v. *Schoener,* 2 Cin. Supr. Ct. Rep. 474; *Taylor* v. *Ætna L. Ins. Co.,* 13 Gray, 434; *Day* v. *Mut. Ben. L. Ins. Co.,* 1 MacArthur, 600; *Hincken* v. *Mutual Ben. Life Ins. Co.,* 6 Lans. 24; 50 N. Y. 657; *Northwestern Ins. Co.* v. *Atkins,* 3 Bush. 333; *Farmers' Mut. Ins. Co.* v. *Graybill,* 74 Pa. St. 17; *Sims* v. *State Ins. Co.,* 47 Mo. 60; *Reilly* v. *Guardian Mut. L. Ins. Co.,* 60 N. Y. 172; *Kernochan* v. *Bowery F. Ins. Co.,* 17 N. Y. 433; *Pratt* v. *N. Y. Cent. Ins. Co.,* 55 id. 505; *Bodle* v. *Chenango Co. Ins. Co.,* 2 id. 58; *Johnson* v. *Columbia Ins. Co.,* 7 Johns. 315.) Defendant having alleged in its answer that the will of the insured "was duly admitted to probate," etc., cannot now be heard to say that the instrument "operated as a deed." (*Douglass* v. *Cooper,* 3 Myl. & K. 378; Jarman on Wills [5th ed.] 27; *Colton* v. *Roes,* 2 Paige, 396; *Morrell* v. *Dickey,* 1 Johns. Ch. 153; *Bogardus* v. *Clarke,* 4 Paige, 623; *Nalle* v. *Fenwick,* 4 Rand. 585; *Dannington* v. *Bosland,* 3 Post. 11; *Russell* v. *Dickson,* 1 Con. & Law, 284; 2 Greenl. Ev. § 672; 1 Williams Exrs. [6th Am. ed.] 549; *Peeble's Appeal,* 15 S. & R. 42; *Tomkins* v. *Tomkins,* 1 Story, 547; Willard Exrs. 60, 61, 226; Redfield on Wills, 63; *Vanderpoel* v. *Van Valkenburg,* 6 N. Y. 190; *Robertson* v. *Dunn,* Wallk. [Miss.] 520; *Armstrong* v. *Armstrong,* 1 Am. Prob. Repts. 206; *Gillham* v. *Mustin,* 4 Ala. 365; *Shepherd* v. *Nabors,* 6 id. 631; *Thompson* v. *Johnson,* 19 id. 59; *Mosser* v. *Mosser* 32 id. 551; *Walker* v. *Jones,* 23 id. 628; *Crain* v. *Crain,* 17 Tex. 8; 21 id. 790; *Millican* v *Millican,* 24 id. 426; *Gage* v. *Gage,* 12 N. H. 371; *Allison* v. *Allison,* 4 Hawks [N. C.] 141;

*Ritter's Appeal*, 59 Pa. St. 9; *Stevenson* v. *Huddleston*, 13 B. Mon. 299; *Edwards* v. *Smith*, 35 Miss. 197; *Hall* v. *Burkham*, 59 Ala. 349; *Hart* v. *Rust*, 46 Tex. 556; *Habergham* v. *Vincent*, 2 Ves. Jr. 204.) Although a testator, through want of information or for other reasons, prepare his will similar to a deed, as if he seal it, which is not essential to the will, or if it, in other particulars, resembles a deed, it is not in any particular of the same nature as a deed, and will have no validity. (1 Jarman on Wills, 35, note; *Platt* v. *McCullough*, 1 McLean, 69; *Avery* v. *Pixley*, 4 Mass. 460; *Williams* v. *Burnett*, Wright, 53; *Padfield* v. *Padfield*, 72 Ill. 322.) Eliza F. Wuesthoff was not authorized to receive payment of the policy. (N. J. Rev. Stat. 374, § 1; N. J. Rev. Stat. 1877, p. 762, § 48; Same in Revision, 1846, tit. 9, chap. 2, § 1; N. J. Revision of 1877, §§ 760, 42; *In re Sackett*, 1 Tucker, 84; Schouler on Dom. Rel. [3d ed.] § 299; *In re Prot. E. School*, 47 N. Y. 561; *King* v. *Londale*, 2 Burr, 477; Code Civ. Pro. § 2838; 2 Rev. Stat. chap. 8, tit. 3, § 38; *Morrell* v. *Dickey*, 1 Johns. Ch. 153; *Williams* v. *Stows*, 6 id. 353; *McLockley* v. *Reid*, 4 Brad. 334; *Hatchett* v. *Birney*, 65 Ala. 39; *Sherman* v. *Wright*, 49 N. Y. 227; *People* v. *Smith*, 43 Ill. 219; *Graves* v. *Am. Ex. Bk.*, 17 N. Y. 205; *Robinson* v. *Weeks*, 6 How. Pr. 161; *Southwestern R. R. Co.* v. *Chapman*, 46 Ga. 538; *McCarthy* v. *Roundtree*, 19 Mo. 345; *Wadsworth* v. *Connell*, 104 Ill. 369.) The defendant should pay not only principal, but also interest thereon from the day the payment became due. (*Harris* v. *Mulock*, 9 How. Pr. 405; *Sanders* v. *Norton*, 4 J. B. Marshall [Ky.] 464; *Loder* v. *Hatfield*, 71 N. Y. 105; *Marsh* v. *Hague*, 1 Edw. Ch. 188; *Palmer* v. *Trevor*, 1 Vt. 261; *Snell* v. *Dee*, 2 Salk. 415; *Davis* v. *Crandall*, 101 N. Y. 311; Park on Ins. 429; Angel on F. & L. Ins. 336; Kent's Com. 438; Marshall Ins. 767; Hughes Ins. 497; Reynolds L. Ins. 34; Bunyon L. Assur. 2; Bliss on Life Ins. § 433; Ellis on F. & L. Ins. 152, note; Reynolds L. Ins. chap. 10; *Dana* v. *Fiedler*, 12 N. Y. 40; *Adams* v. *Fort Plain Bank*, 36 id. 255.; *Roberts* v. *Willis*, 1 Spencer, Ch. [N. J.] 602; *In re N. Y.*

*Prot. E. P. School*, 47 N. Y. 556.)   The rule in New Jersey, as in New York, is that every statute should be so constructed as to suppress the mischief and advance the remedy.   (*Smith* v. *Tucker*, 2 Harr. [N. J.] 82, 84; *Randolph* v. *Larned*, 12 C. E. Green [N. J.], 557; *Juliand* v. *Rathbone*, 39 N. Y. 369.)

*Edward Salomon* for respondent.   The complaint was properly dismissed, because no notice and proof of death were ever given to the defendant by the plaintiffs or in their behalf, except those of Eliza F. Wuesthoff, as their guardian, whose action as such they seek to repudiate. (Paley on Agency, Lloyd, 171, 172 [343–346]; *Fisher* v. *Cuthell*, 5 East, 49; *Cole* v. *Ball*, 1 Camp. 478: *Coore* v. *Calloway*, 1 Esp. 115; *Freeman* v. *Boynton*, 7 Mass. 483; *Bk. of Utica* v. *Smith*, 18 Johns. 230; *Bliss* v. *Cottle*, 32 Barb. 322, 325, 326, 327; Story on Agency, §§ 250, 251*a*; *Hamlin* v. *Sears*, 82 N. Y. 331; *Farmers Loan & Trust Co.* v. *Walworth*, 1 id. 433; May on Ins. §§ 463, 465; *O'Reilly* v. *Guardian Mut. Ins. Co.*, 60 N. Y. 172; *Kernochan* v. *N. Y. Bowery Fire Ins. Co.*, 17 id. 433.)   The complaint was properly dismissed, because, except Mrs. Wuesthoff, no general guardian of the plaintiffs, or any guardian authorized to receive payment of the policy, has ever existed. · (Revision of N. J. 759, § 36; Code Civ. Pro. §§ 2822, 2823, 2825, 2826, 2827, 2838, 2839, 2840; *Bogardus* v. *N. Y. Life Ins. Co.*, 101 N. Y. 328; *Segelken* v. *Meyer*, 94 id. 473; 1 Bliss Code, 220, 234; *Pierce* v. *Hichcock*, 2 N. Y. 388; *Finslar* v. *Malkin*, 12 N. Y. Week. Dig. 530; *Jones* v. *Felch*, 3 Bosw. 63; Code, §§ 446, 448.)   Eliza F. Wuesthoff, considered as a testamentary guardian under the laws of New Jersey, was authorized to receive payment of this policy.   (18 How. 104; 9 Wall. 741; 20 N. Y. 103; 56 Ala. 312; Revision of N. J. 464, § 1; p. 1247, § 22; p. 755, § 14; p. 783, § 136; *Swords* v. *Owen*, 43 How. Pr. 176.)   The will of Frederick Wuesthoff may be considered as, and was in fact, also "his deed, executed in his lifetime," disposing of the custody and tuition of his children during their minority; and, therefore, no acceptance in the

Orphan's Court or security was required of Mrs. Wuesthoff. (Revision of N. J. 464, § 1, and p. 762, § 48; Co. Litt. 171; 2 Black. Com. [Sharswood's ed.] 294, 308, and notes; 4 Kent's Com. 450, 455; *Souverbye* v. *Arden*, 1 Johns. Ch. 240; *Scrugham* v. *Wood*, 15 Wend. 545; *Dietz* v. *Farish*, 44 Super. Ct. 190.) There is no inconsistency or incongruity in treating this will of Frederick Weusthoff as his deed also, so far as the appointment of a guardian for his children is concerned. (*Ex parte Earl of Ilchester*, 7 Vesey, 367; *Earl of Shaftsbury* v. *Lady Hannam*, Finch's Rep'ts, 323; 2 Kents Com. 225; MacPherson on Infants, 81; Schouler's Dom. Rel. 393, 394: *Doe* v. *Cross*, 8 Q. B. [Ad. & E.] 714; *Robinson* v. *Schly*, 6 Ga. 515; *Taylor* v. *Kelly*, 31 Ala. 59; *Kinnebrew* v. *Kinnebrew*, 35 id. 628; Revision of N. J. 151, 155, 159, 1279.)

*Wm. B. Hornblower* for respondent, the New York Life Insurance Company. The statute of New Jersey as to declaring acceptance and giving a bond before the testamentary guardian acts as such, is directory and not mandatory. (Sedgwick on Stat. Const. [2d ed.] 316; *In re N. Y. Prot. E. School*, 47 N. Y. 556; 1 R. S. 604, § 7; *In re D. & H. R. R. Co.*, 19 Wend. 135, 143; *In re Douglass*, 58 Barb. 174; *Rex* v. *Inhab. of Birmingham*, 8 B. & C. 29, 35; *Cole* v *Green*, 6 Man. & G. 872, 890; *Rex* v. *The Justices of Leicester*, 7 B. & C. 6; 9 D. & R. 772.) The steps in the Orphan's Court are but formal acts required by the statute as directory and not essential to the vesting in the guardian. (*In re Van Houton*, 2 Green, 220; 2 Kent's Com. 225; Williams on Exrs. [6th Am. ed.] 293, 302; Schuyler on Admrs. § 194.) The position of the testamentary guardian before giving bond is analogous to that of an assignee for the benefit of creditors under our general assignment act before giving bond. His title vests immediately on the execution of the instrument and even before its recording in accordance with the statute. (Bishop on Debt, § 264, 266.) The laws of New York and not the laws of New Jersey apply in this case.

(2 Kent's Com. 225; *Woodworth* v. *Spring*, 4 Allen, 321, 324; Story's Confl. Laws. § 499; *Morrell* v. *Dickey*, 1 Johns. Ch. 153; *Johnson* v. *Beattie*, 10 Cl. & Fin. 42, 113, 145; Story's Confl. Laws [8th ed.] § 504*a; Hoyt* v. *Sprague*, 103 U. S. 613; *In re Hubbard*, 82 N. Y. 90; *Kraft* v. *Wickey*, 4 Gill & J. 322, 331.

ANDREWS, J. Two questions are presented, *first*, as to the validity of the payment made December 19, 1877, by the defendant to Eliza F. Wuesthoff, the testamentary guardian of the plaintiffs, of the amount of the policy on the life of their father, Frederick Wuesthoff, and *second*, assuming that such payment was not a valid discharge of defendant's obligation under the policy, whether the plaintiffs can now maintain an action to enforce the defendant's liability.

The policy provides that in case of the death of the mother of the plaintiffs before the death of Frederick Wuesthoff, the insurance upon his death "shall be payable to her children for their use, or to their guardian if under age, payment to be made in sixty days after due notice and proof of the death of the said Frederick Wuesthoff." Frederick Wuesthoff died at Newark, New Jersey, August 28, 1877. He resided there in 1864, when the policy was issued and continued to reside there until his death. The policy recites his residence at that place. His first wife, the mother of the plaintiffs, died in 1870. He remarried and by his will executed under seal August 16, 1877, which was duly proved and recorded in New Jersey, he devised all his real and personal property to Eliza F. Wuesthoff, his wife by his second marriage, and appointed her sole executrix of his will, and also the guardian of his three infant children (the plaintiffs), the eldest being then of the age of about sixteen years. On the 14th of September, 1877, Eliza F. Wuesthoff, as guardian, served on the defendant notice and proof of death of Frederick Wuesthoff, stating the date and place of his death, and that she as guardian for the children was the legal owner of the policy. Upon the request of the company she also furnished proof of the death of Amalie

Wuesthoff, the wife of Frederick Wuesthoff by his first marriage, and the names and ages of her children, and also delivered to the company a certified copy of the will. Thereafter, December 19, 1887, the defendant paid to Eliza F. Wuesthoff $5,000, the full amount of the policy, taking her receipt as guardian. Eliza F. Wuesthoff, after the death of her husband, qualified as executrix of the will and assumed the administration of his estate, but she never formally signified her acceptance of the office of guardian or gave a guardian's bond.

There can, we suppose, be no doubt that the plaintiffs were the persons who, by the contract of insurance, in the situation existing at the time of the death of Frederick Wuesthoff, were entitled to the benefit of the insurance. They were the legal beneficiaries of the fund. The contract of the defendant was in legal effect a contract to pay to the plaintiffs in the contingency which happened, and the clause providing that payment should be made to "their guardian, if under age," did not change the force or effect of the obligation. It expressed in terms what in the absence of express words would be the legal consequence that an obligation for the payment of money to infants, may be discharged by payment to a guardian. The qualification that the guardian must be duly authorized to receive the payment is implied. It would be contrary to the nature and object of the contract to construe it as authorizing payment of a debt due to infants to be made to a person who although he might in a formal or even in a legal sense be a guardian, nevertheless had no authority as such to collect or receive the money or debts due to the ward. We think it cannot be questioned that the contract to pay the guardian of the infant beneficiaries, means a guardian legally authorized to receive and discharge the debt, and that a guardian possessing this authority, whether a general or chancery guardian, a testamentary guardian or a guardian *ad litem*, is, within the meaning of the policy, a guardian to whom payment could be lawfully made. The payment upon which the defendant relies was made to a testamentary guardian.

The power of a father to appoint a guardian by deed or will was originally given by statute (12 Chas. II), which has been re-enacted in most of the States and extended in some of them so as to embrace the mother. The power to appoint by deed is construed as meaning a testamentary instrument in the form of a deed, to operate only after the death of the parent. (2 Kent's Com. 225.) But the power is statutory and does not exist in the absence of a statute conferring it. The power of a testamentary guardian, when not restricted, extends to the control of the person of the ward and the custody and management of her real and personal property. (*Chapman* v. *Tibbits*, 33 N. Y. 289.) But as the right to appoint a testamentary guardian depends on statute, it follows that the whole subject is within the control of the legislature, and that it may not only regulate and restrict the power of appointment, but may define, limit and regulate the authority of the guardian and prescribe the conditions under which the authority shall be exercised. The statute of New Jersey in force August 16, 1877, provides that the father may, by his deed executed in his lifetime, or by his last will and testament in writing, dispose of the custody and tuition of his minor child or children during their minority, and that the person or persons to whom the custody of such child or children may be given, shall and may (among other things) "take into his, her or their custody for the use of such child or children the profits of all lands, tenements or hereditaments of such child or children, and also the custody and management of the goods, chattels and personal estate of such child or children till his or her, or their respective age of twenty-one years, and may bring such action or actions in relation thereto as by law a guardian in socage might do." (Revision of New Jersey Statutes, 664, § 1.) By another section it is provided that: "Every guardian appointed by last will or testament, which shall be legally proved and recorded, shall before he exercises any authority over the minor or his estate, appear before the Orphan's Court and declare his acceptance of the guardianship, which shall be recorded, and shall give bond with such

sureties and in such sum as the said court may approve of and order, for the faithful execution of his office, unless it is otherwise directed by the testator's will." (Page 762, § 48.) The will of Frederick Wuesthoff gave no direction on the subject, and it is conceded that Eliza F. Wuestoff, the guardian, had not at the time of receiving payment on the policy, declared her acceptance of the guardianship, as required in this section, nor had she given any bond or security as guardian, and that no bond or security has ever been given.

It is insisted in behalf of the defendant that the authority of the guardian under the New Jersey statute is derived from the will or deed appointing her, and that by force of the will and the section of the statute first cited, Eliza F. Wuesthoff, immediately on the death of her husband, was vested with the character of guardian, or at least she became such on assuming to act as guardian and could without further qualification lawfully receive and discharge the debt owing by the defendant. This contention wholly ignores section 48 as a limitation upon the powers of a testamentary guardian, which requires the guardian to declare his acceptance of the guardianship in the Orphan's Court and the execution of a guardian's bond "before he exercises any authority" over the person or estate of the minor. Section 48, it is claimed, is directory merely, and a compliance with its provisions, it is insisted, is not a condition precedent to the right of a guardian to collect and discharge a debt due to the ward. The distinction which in the construction of statutes is sometimes made between directory and mandatory provisions, proceeds upon the supposed intention of the legislature, and a discrimination between the essential and the immaterial or non-essential provisions of the statute, or where the statute relates to the powers and duties of officers, between those parts which are intended as a mere direction to the officer in the execution of his duties and those which relate to and concern his substantial authority. The exercise by courts of a power to disregard a particular provision of a statute on the ground that it is directory merely, is a delicate one and should be applied with

great caution. The intention of the legislature is the cardinal consideration in the construction of statutes, and whether a particular provision is mandatory or directory is to be determined from the language used and the purpose in view. Construing the various sections of the New Jersey statute together, it is plain, we think, that the first section quoted was intended to define the general powers of a testamentary guardian, and that section 48 was intended to prohibit and suspend the exercise by a testamentary guardian of the functions of his office until he should signify his acceptance of the office and execute the bond required. Obviously the object of the legislature in requiring the guardian to give security, was the protection of the ward. The legislature was dealing with the interests of a class especially entitled to the protection of the law. It was a wise safeguard to require that a guardian, before intermeddling with the estate of the ward, should give security for its faithful administration, unless the parent dispensed with this precaution. It is impossible to suppose that the legislature, in enacting section 48, intended simply to impose upon the guardian the duty of giving security and not to make the duty imperative. This section is to be construed as if written in the prior section, and so read it makes the giving of security a necessary qualification and a prerequisite to the exercise of any authority over the estate of the ward.

But it is insisted that the capacity of the guardian, Eliza F. Wuesthoff, to collect and discharge the debt owing by the defendant, is to be measured and determined by the powers of testamentary guardians appointed under the law of New York, the domicile of the debtor, and the place where the policy was issued and where the debt was paid. The law of this State, as it stood in 1877, at the time of the death of the insured and of the payment of the policy, authorized a father, by deed or last will, to dispose of the custody of his infant child during his minority, and declared that every such disposition from the time it takes effect, shall vest in the person so appointed all the rights and powers

of a guardian, with the right to the custody and management of the personal estate of the ward. (1 R. S., 150, chap. 8, tit. 3, §§ 1, 2, 3.) No formality was required to complete the title of the guardian, nor was he required to give any security. It is doubtless true that if this had been the case of a domestic testamentary guardianship, the payment made by the defendant would have been authorized. But the New York statute relates exclusively to domiciliary guardianships under wills or deeds of residents of this jurisdiction. The defendant cannot invoke the statute defining the powers of domestic guardians to justify a payment to a guardian appointed under a foreign jurisdiction, who by the laws of the sovereignty appointing him, was not authorized to receive it. The general rule is well settled that " a guardian appointed by virtue of the statute of another State, cannot exercise any authority here over the person or property of his ward. His rights and powers are strictly local, and circumscribed by the jurisdiction of the government which clothed him with his office." (*Woodworth* v. *Spring*, 4 Allen 321; *Morrell* v. *Dickey*, 1 J. Ch. 153; Story Con. Laws, § 499.) A debtor in this State may pay a foreign guardian, and the payment will be a good discharge if the guardian, by the law of the State from which he derives his appointment, is authorized to receive it. (*Parsons* v. *Lyman*, 20 N. Y. 103.) The defendant when the payment was made was informed that the deceased was a resident of New Jersey at the time of his death, and that Eliza F. Wuesthoff was a testamentary guardian appointed in and under the laws of that state, and the defendant was chargeable with notice that the powers of the guardian were regulated by and depended upon the law of the domicile of the plaintiffs. The payment was at the peril of the defendant. The further claim that the appointment of Eliza F. Wuesthoff was by deed and not by will, and therefore that the case is not within section 48, which relates to a guardian appointed " by last will and testament," is, we think, untenable. The claim is based upon the fact that the will of Frederick Wuesthoff is a sealed instrument. It is conceded that if the seal had been

omitted the appointment would have been by will, and so within section 48. But the intention that the instrument should operate as a will, and that it was not delivered as a deed, is conclusively established. It recites that it was a will. It was executed a few days before the testator's death. It was left for safekeeping with the physician in whose office it was drawn. The unnecessary addition of a seal does not change the essential character of the instrument or justify treating it as in part a will and in part a deed.

The second general question relates to the remedy. The policy is payable "sixty days after due notice and proof of the death." It is urged that as no notice or proof of death was furnished, except what was given by the guardian, the plaintiffs by repudiating her act in receiving payment, also, as a consequence, repudiates her act in giving notice of proof of death, so that they are left without any proof in the case of the performance of this precedent condition to maintaining the action. It is, we think, a sufficient answer to this proposition that while Eliza F. Wuesthoff was not, by the appointment in the will and the death of her husband, invested with any power to interfere with the infants' estate before giving security, she nevertheless was nominally the guardian of the children, and as such had sufficient authority to justify her taking a step in the interest of the children, designed merely to accelerate the maturing of the claim on the policy, and that the company having accepted and acted upon the notice without objection cannot now question its sufficiency.

. The answer to the further point that there must be some person in existence authorized to receive payment, before the company is liable, has already been indicated. The guardian *ad litem* is a guardian within the meaning of the policy. He is authorized to represent the infants in collecting the claim, and payment by the defendant in this action will be a full discharge of its obligation.

We are constrained for the reasons stated to reverse the judgment below. It seems a hard case. The defendant on a new trial may be able to show that the money paid to the

guardian has been applied in whole on part to their benefit and support of the infants, under circumstances which entitle the defendant to an equitable counter-claim.

The judgment should be reversed, and a new trial granted. All concur.

Judgment reversed.