CONTINENTAL TRUST CO. v. NOBEL.

(Supreme Court, Special Term, New York County. November, 1894.)

1. PARTNERSHIP—ACCOUNTING TO ESTATE OF DECEASED PARTNER.
    Where the appointment of a decedent's widow as executrix was void because of her infancy (Knox v. Nobel [Sup.] 28 N. Y. Supp. 355), a sale by her, to decedent's partner, of decedent's interest in the firm, is also void, and the partner will be required to account to the administrator afterwards legally appointed for the copartnership property in his hands.

2. PARTIES—WAIVER OF DEFECT.
    An objection that plaintiff, in an action for such accounting, failed to make the widow a party, appears on the face of the complaint, and can be taken only by demurrer. Code Civ. Proc. § 499.

3. SAME—POWER OF COURT TO BRING IN PARTIES.
    Under Code Civ. Proc. § 452, the court may order a party to be brought in, if necessary to the complete determination of the case, though the defect of parties was waived.

Action by the Continental Trust Company, as administrator, against Henry Nobel, for an accounting.

Lucien Birdseye, for plaintiff.
Christian G. Moritz and Henry Hoyt, for defendant.

INGRAHAM, J.    Since the decision of the general term of this court in Knox v. Nobel, in which the validity of the appointment of the testator's widow as administratrix was in question, it is settled that the act of the surrogate in issuing letters to the widow was void, as she was then a minor, and that any contract made by her as administratrix, so far as it attempted to bind the estate of her husband, was also void.    See 77 Hun, 232, 28 N. Y. Supp. 355.

The letters that the surrogate issued which attempted to appoint testator's widow as administratrix, being void, there was no representative of the estate, with whom the defendant could deal, or make any contract that would bind the estate.    The bill of sale that he received from the widow was therefore an absolute nullity, so far as the estate was concerned; and the plaintiff, having been duly appointed administrator, and being in a position to enforce the rights and obligations of the estate, is clearly entitled to require the defendant, as surviving partner, to account for the copartnership property in his hands.

It is not necessary that I should pass upon the question as to whether or not Nobel had knowledge of the fact that the widow was a minor, and that the letters issued to her were void, or that he procured her appointment as administratrix for the purpose of defrauding the estate of her husband.    It is a little difficult to understand how the defendant, who was the testator's partner, could have been ignorant of the fact that the widow, who was at that time under 19 years of age, was an infant.    But, assuming that he had knowledge of that fact, it is not at all clear that he knew that an infant could not be appointed administratrix.    And as the legal rights of the estate would not be materially affected by his knowledge of that fact, or his knowledge of the legal effect of the appointment of an infant

as administratrix, it is not necessary in this action to protect the estate that that question should be determined.

Upon the death of the plaintiff's testator it was the duty of the surviving partner at once to close up the business, reduce the estate to cash, pay the debts, and divide the balance remaining; but, where the surviving partner fails to perform this duty, he is held accountable for all profits made with the copartnership property up to the time of a final decree dissolving the copartnership and directing an accounting. Thus the rule is stated in 17 Am. & Eng. Enc. Law, p. 1166:

"And, if the surviving partner continues the trade or business with the partnership stock, it is at his own risk; and he will be liable, at the option of the representatives of the deceased partner, to account for the profits made thereby, or to be charged with the interest upon the deceased partner's share of the surplus, besides bearing all the losses."

In this case the estate of the deceased partner has elected to require the surviving partner to account for the profits made from the copartnership property, and the plaintiff is entitled to such a judgment. The defendant, of course, would be entitled to be credited with all the debts of the estate that he had paid, including funeral expenses, as well as the disbursements made by him in carrying on the business, and to be charged with all the receipts from the business, including the value of the copartnership property at the present time. All renewals of leases of the hotel made since the death of the plaintiff's testator are to be considered as belonging to the copartnership. See Mitchell v. Reed, 61 N. Y. 123.

The answer sets up as a defense that there is a defect of parties defendant, in that the widow is not joined as a party to this action; and this presents a more serious question, especially in view of the allegations of the answer and complaint, whereby it appears that this defendant paid to the widow $6,500 for an assignment by her, presuming to act as administratrix, of the share of the plaintiff's testator in the copartnership. I think, however, that that defense fails, because whatever defect of parties there was appeared on the face of the complaint, and the defendant should have taken that objection by demurrer (see Code, § 498), and by section 499, where the objection appears on the face of the complaint, and is not taken by demurrer, it is waived. The defendant, however, alleges, as an equitable defense, that he is entitled to be credited in the accounting with the amount that he paid to the infant, which has been received and retained by her. Under the statute of distribution the widow would be entitled to a third of the testator's personal estate, and thus would be entitled absolutely to one-third of the amount realized upon the sale of this copartnership property. She has received from the defendant the sum of $6,500, and that has been retained by her. And I think it clear that the defendant is entitled, on an accounting, to a credit for the amount that he paid to her, not exceeding, however, her interest in her husband's estate. This is clearly within the principle established by the court of appeals in the case of Wuesthoff v. Insurance Co., 107 N. Y. 592, 14 N. E. 811. But to determine that question the presence of the widow, as a party to the action, is necessary; and, although the defense that there is a defect of parties defendant is

waived by not demurring to the complaint, the court has power, under section 452 of the Code, where a complete determination of the controversy cannot be had without the presence of the other parties, to direct them to be brought in. Before the entry of the interlocutory judgment, I shall direct the widow to be made a party to this action; and upon her being brought in and made such a party, she having the right to be heard, and presenting no valid objection, I would direct an interlocutory judgment requiring the defendant to account for the copartnership property in his hands.

The plaintiff also applies for the appointment of a receiver of the copartnership property. I am somewhat reluctant to appoint such receiver at the present time, as it would entail large expenses upon the parties, and would seem to me to be unnecessary until after the accounting. I am disposed, therefore, to deny the application for a receiver in the interlocutory judgment; the judgment to contain, however, a provision enjoining the defendant from disposing of any of the copartnership property, except in the usual and ordinary course of carrying on the business of closing up the copartnership. The order directing the widow to be made a party defendant to this action is to be settled on notice; further proceedings in the action, including the entry of the interlocutory judgment, to be stayed until such order has been complied with.

Several questions as to the admissibility of the testimony taken under the commission were reserved. Objections to the following interrogatories to John J. Stewart are overruled: Second interrogatory; fourth interrogatory. The last clause of the answer to the fourth interrogatory is stricken out, viz. "Mr. Nobel objected to the employment of any other lawyer than Mr. Glass." Fifth interrogatory: The motion to strike out the answer to the interrogatory is denied. Sixth interrogatory: Except that clause in the answer of the sixth interrogatory, "It was the first time we had ever seen Mr. Glass," is stricken out. The objections to the following interrogatories are sustained, and the answers stricken out: Third, seventh, and eighth. The objections to the ninth and last interrogatories are overruled.

Objections as to the interrogatories to be administered to Annie L. Stewart: The objection to the third interrogatory is sustained, and the answer stricken out. The objection to the fourth interrogatory is overruled, and the words, "They agreed upon Glass, I think," in the answer to that interrogatory, stricken out. The objection to the fifth interrogatory is overruled; but all after the phrase, "I have already answered that in the question before," in the answer to the fifth interrogatory, is stricken out. The objection to the sixth interrogatory is overruled, but the following portions of the answer are stricken out: "I know that Nobel got very excited that time before;" "My daughter was much excited, because she had been waiting on her husband all through his sickness, and it made her very nervous." And the last clause in the answer, commencing, "My daughter and Mr. Niesterman's brother were always good friends." The answer to the seventh interrogatory is stricken out. The motion to

strike out any portion of the answer to the eighth interrogatory is denied, and the objection to the ninth interrogatory is overruled.   The answer to the last interrogatory is stricken out.