### In re KLINGENSTEIN.

#### ALTMAYER v. KLINGENSTEIN.

(Supreme Court, Appellate Division, First Department. May 16, 1913.)

GUARDIAN AND WARD (§ 15*)—BOND OF GUARDIAN—LIABILITY.

     In view of the change established by the Code of Civil Procedure, which differentiated testamentary from general guardians, contrary to the course of prior legislation, which attempted to link testamentary guardians with executors and administrators under the supervision of the surrogate, section 2746, providing that, before a legacy or distributive share of an infant shall be paid to a general guardian, he shall file with the surrogate a bond, unless the surrogate shall determine that the general bond is ample to cover such legacy, does not apply to a testamentary guardian, one appointed by will or deed; this view being strengthened by the fact that under section 2852 letters of guardianship issued to a testamentary guardian upon proof of the will, and qualification by taking the oath prescribed by section 2594, and Domestic Relations Law (Consol. Laws 1909, c. 14) § 82, requires no formality to complete the title of the guardian to take the custody and management of the estate of his ward, while the general guardian, under section 2830, must give the specified bond. Therefore section 2853, requiring a testamentary guardian to give bond only when a nonresident or financially irresponsible, fixes the only instance in which a surrogate can require bond from such a guardian.

     [Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 56–64; Dec. Dig. § 15.*]

Appeal from Surrogate's Court, New York County.

Judicial settlement of the account of Solomon Klingenstein, as surviving trustee of the estate of Bernhard Klingenstein, deceased, in which Lippman Altmayer, as testamentary guardian, appealed from that portion of the decree requiring him to give security. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Lewis M. Isaacs, of New York City, for appellant.
Daniel J. Mooney, of New York City, for special guardian.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J.  The decree from which this appeal is taken is one judicially settling the accounts of Solomon Klingenstein as sole surviving trustee under the last will and testament of Bernhard Klingenstein, deceased; and the appeal, taken by Lippman Altmayer, as testamentary guardian of Paul H. Klingenstein and Helen Klingenstein, calls in question only so much of the decree as requires that said testamentary guardian shall give security as provided in section 2746 of the Code of Civil Procedure before the distributive shares belonging to the infants for whom he is such guardian is paid over to him. The testamentary guardian states as the reason why he takes this appeal that it is to avoid the burden which would be imposed upon his infant wards, in that the annual premiums, which would have to be paid to give the security required by the decree, would amount to a very considerable sum in proportion to the income of said infants.

It appears that the practice of the Surrogate's Court in this county in the matter of requiring security to be given by testamentary guardians has not always been uniform, although of late years it has been customary to require such security to be given before such guardians have been allowed to receive moneys belonging to their wards. We are now called upon to consider and determine what the proper practice is in such cases.

It appears from the recitals in the decree that the surrogate of his own motion required the insertion therein of the provision requiring security, upon the theory that section 2746 of the Code of Civil Procedure applied to testamentary guardians, and that he had no discretion or authority to dispense with such security. It also appeared that the testamentary guardian of the infants was appointed by their surviving parent under the power conferred by section 81 of the Domestic Relations Law (Consol. Laws 1909, c. 14), and that no proceedings have been instituted to require security to be given under section 2853 of the Code of Civil Procedure.

Section 2746 of the Code of Civil Procedure provides when and under what circumstances a legacy or a distributive share of an estate belonging to an infant may be paid to his or her general guardian; one of the requisites being that the guardian shall execute and file with the surrogate a bond running to said infant in double the amount of such legacy or distributive share, unless the surrogate shall determine that the general bond given by the guardian is ample and of sufficient amount to cover such legacy or distributive share. If a testamentary guardian falls under the designation of a general guardian within the meaning of this section, the direction contained in the decree in the present case against which the guardian appeals was properly made, and the appeal must fail.

Although the power to appoint a guardian by will or deed dates back to the reign of Charles II, and has always existed in this state, no jurisdiction over such guardians was conferred upon the surrogates or Surrogates' Courts until the adoption of chapter 272, Laws of 1850, which was amended by chapter 115, Laws of 1866. Then followed chapter 782, Laws of 1867, which authorized surrogates to call testamentary trustees and testamentary guardians to account in

the same manner as executors, administrators, and guardians appointed by the surrogate, and chapter 482, Laws of 1871, which authorized the surrogate to require security from testamentary trustees and testamentary guardians in the same manner as provided by law with respect to executors, administrators, or guardians appointed by the surrogate. Thus testamentary guardians were linked with testamentary trustees, and contradistinguished from executors, administrators, and guardians appointed by the surrogate down to the adoption of the present Code of Civil Procedure.

It is stated by Mr. Throop, in his notes, that the attempt to subject testamentary guardians and trustees to the provisions of law applicable to executors, administrators, and guardians appointed by the surrogate had been found to be open to objection on the score of expediency and practicability, so that it was deemed advisable to plan a separate scheme of legislation relative to testamentary trustees and testamentary guardians. Accordingly article 3 of title 7 of chapter 18 of the present Code was prepared "substantially upon the plan adopted with respect to title 6 relating to testamentary trustees." Referring to title 7 of chapter 18, it is found to consist of three articles. Article 1 relates to the appointment by the surrogate, and the removal and resignation, of what are denominated as "General Guardians." Article 2 relates to the supervision and control of a "general guardian" and the settlement of his accounts. Article 3 relates to guardians appointed by will or deed, or what are commonly known as "testamentary guardians," for a guardian appointed by an instrument in the form of a deed to take effect upon the death of the parent is included in the term "testamentary guardian." Wuesthoff v. Germania Life Ins. Co., 107 N. Y. 580–588, 14 N. E. 811. To such a guardian letters of guardianship issue of course upon the proof of the deed or will. Section 2852, Code Civ. Proc. A distinction is also made as to the qualification of a general guardian and that of a testamentary guardian. As to the former it is required, before letters are issued, that he must not only take the official oath, but must execute and file a bond. Section 2830, Code Civ. Proc. As to the latter all that is required is that he shall qualify as prescribed in section 2594 of the Code; that is, that he shall take an official oath. Section 2852, Code Civ. Proc.

It is provided that a testamentary guardian shall "take the custody and management of the personal estate of such minor and the profits of his real estate" (Domestic Relations Law, § 82), and no formality is required to complete the title of the guardian (save the issue of letters), and there is no provision of law requiring him to give security as a condition of entering upon the exercise of his powers and the fulfillment of his duties. Wuesthoff v. Germania Life Ins. Co., supra. Section 2853 of the Code does provide that security may be required of a testamentary guardian, where facts are made to appear to the surrogate which, if interposed as an objection to the issue of letters testamentary to an executor named in a will, would make it necessary for such person to give a bond in order to entitle himself to letters testamentary, as, for example, financial irresponsibility or

nonresidence. It is provided that a decree may be made, in the discretion of the surrogate, requiring a testamentary guardian to give security in a case where a person so named as executor can entitle himself to letters testamentary only upon giving a bond, "but not otherwise."

In view of the course of legislation respecting testamentary guardians, and the clear distinction which has always been observed between them and the so-called general guardians appointed by the surrogate, we are clearly of the opinion that section 2746, Code Civ. Proc., under which the surrogate acted in inserting in the present decree the provision appealed against, applies only to general guardians appointed by the surrogate, and not to testamentary guardians, such as is the appellant.

As to the latter the Surrogate's Court has no further jurisdiction than is conferred by statute (Matter of Hawley, 104 N. Y. 250, 10 N. E. 352), and from then the surrogate has no authority to require security, except under the circumstances prescribed in section 2853 above referred to.

The decree, in so far as it is appealed from, is therefore reversed, with costs to the appellant payable out of the estate. All concur.