In the Matter of the Estate of MARLIN L. DELANEY, Deceased. BONNIE D. MUNLEY, Appellant; MARLIN D. DELANEY, as General Guardian of JOHN M. DELANEY, an Infant, Respondent.

Third Department, July 2, 1953.

*E. Stewart Jones* and *Arthur L. Rosen* for appellant.

*H. Andrew Schlusberg, F. Walter Bliss* and *Robert H. Ecker* for respondent.

FOSTER, P. J. These are appeals from two orders of the Surrogate's Court of Fulton County, one of which confirmed the appointment of a guardian of the person and estate of John Marlin Delaney, an infant, and denied the motions of the infant's mother directed to setting aside letters of guardianship; and another order which confirmed the issuance of letters of administration in the estate of Marlin L. Delaney, deceased, to the guardian of the infant, and also denied the motions of the infant's mother directed to setting aside the appointment of guardian as administrator.

The infant, John Marlin Delaney, is a child of the marriage between Bonnie Delaney and the decedent, Marlin L. Delaney. The parties to the marriage separated some time in June, 1948, and entered into a written separation agreement whereby the father was given custody of their infant son, with a reversionary right to custody in the wife if she obtained a divorce and the husband did not remarry within three years thereafter. On July 18, 1950, the mother obtained a divorce in the State of Oklahoma, and thereafter married Claude E. Nunley. She and her second husband then moved to the State of Texas, where they were residing at the time these controversies arose.

The infant's father was killed in an automobile accident on January 15, 1952. Shortly thereafter the grandfather, the respondent here, with whom the infant had been residing in Fulton County, applied to the Surrogate's Court of that county for appointment as guardian of the infant, and also for limited letters of administration on the estate of his deceased son. Later he applied for full letters of administration. The infant's mother, who is the appellant here, thereafter attacked these proceedings and moved to vacate both appointments on the

ground that the Surrogate's Court of Fulton County lacked jurisdiction. In the course of these motions the Surrogate permitted the respondent to amend his petition *nunc pro tunc* for letters of guardianship, so as to allege more fully the residence of the infant, and the fact that he was the owner of government bonds with a face value of $225.

The position of the appellant is that the original petition for the appointment of a guardian was fatally defective and conferred no jurisdiction on the Surrogate; that the latter had no power to permit an amendment *nunc pro tunc,* and hence the purported appointment was a nullity. If appellant's position is correct in this regard it follows as a matter of course that the appointment of respondent as administrator was also void.

Section 174 of the Surrogate's Court Act provides that a Surrogate may appoint a general guardian: (1) where the infant is a resident of the county; (2) where he has sojourned in the county for at least a year immediately preceding the application; and (3) or where, although not a resident of the State, the infant has property, real or personal, situated in the county. The original petition alleged that the infant resided with respondent in the city of Gloversville in the county, and since the date of his birth, February 11, 1947, had been practically reared by respondent. A fair construction of these allegations in the petition satisfies, in our judgment, the requirements of section 174 of the Surrogate's Court Act both as to residence and sojourn.

Appellant argues, however, that the petition did not comply with the mandatory requirements of section 176 of the Surrogate's Court Act in that it failed to allege the name and address of the infant's mother, and to disclose whether the infant had any property in the county of Fulton. The petition alleged that the mother resided in the State of Texas but her actual address was unknown; that the estimated value of the personal property belonging to the infant was speculative because it consisted of his rights as distributee in an action brought for the wrongful death of his father. It may be conceded that whether the last allegation relates to a matter of property within the county of Fulton is a matter of doubt, but in any event it is not of sufficient moment to control the broad issue of jurisdiction. Section 176 should not be construed in such a narrow fashion. The fundamental allegations of residence and sojourn contained in the petition were sufficient to confer jurisdiction on the Surrogate, and once having acquired jurisdiction

it was within the discretion of the Surrogate to permit an amendment. We find nothing in the record to indicate that his action constituted an abuse of discretion.

Finally we do not agree with the contention that upon the death of the father the infant's residence shifted, as a matter of law, to the State of Texas, where the mother resided. The authority cited for this proposition is *Matter of Thorne* (240 N. Y. 444). In that case however the mother had not remarried prior to the death of her husband as was the situation here, and moreover she remained a resident of this State. In the cases of *Lamar* v. *Micou* (112 U. S. 452) and *Brown* v. *Lynch* (2 Bradf. 214) it was held that upon the remarriage of a mother a child no longer acquires *ipso facto* and as a matter of law, her domicile upon the death of the father. We are by no means persuaded that those cases are completely outmoded by subsequent legislation or otherwise. Section 81 of the Domestic Relations Law which constitutes a married woman as " a joint guardian of her children with her husband, with equal powers, rights and duties in regard to them " is obviously not applicable here. Appellant lost her rights of joint guardianship when she voluntarily separated from the infant's father and relinquished custody to him (*People ex rel. Brooks* v. *Brooks,* 35 Barb. 85). But above and beyond these considerations where a mother is a nonresident of the State and the infant has property situated in any county here the Surrogate of that county may appoint a guardian (*Matter of Thorne, supra*).

The orders should be affirmed, without costs.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Orders affirmed, without costs.