OPINION OF THE COURT
Bertram R. Gelfand, S.
Petitioner seeks successor letters of guardianship of the person and property of two infants, a brother and sister.
The infants’ parents are deceased. Letters of guardianship of the person and property of the infants were issued by this court on October 9, 1968 to the infants’ paternal grandmother with whom they then resided in Bronx County. Thereafter, the guardian moved with the children to the State of New Jersey. The guardian died on October 24, 1977. The infants presently reside with petitioner, their paternal uncle, who is a domiciliary of the State of New Jersey.
There is express statutory authority for the appointment of a guardian of the person, or property, or of both, of an infant *19 who is a nondomiciliary of this State, provided the infant has property situated in New York (SCPA 1702, subd 2). At the present time, there are funds on deposit in each estate held jointly in the name of the deceased guardian and the guardian clerk of this court.
The applications, insofar as they seek successor letters of guardianship of the property of the infants, are granted. The accounts shall, in each instance, be held jointly in the name of the successor guardian of the property of the infant and the guardian clerk of this court.
With regard to the applications for successor letters of guardianship of the person, consideration must be given to the fact that the infants now reside in the State of New Jersey. In New York, the rule is well settled that a guardian appointed by virtue of the statute of one State cannot exercise any authority in another State over the person of his or her ward (Wuesthoff v Germania Life Ins. Co., 107 NY 580; Woodworth v Spring, 4 Allen [86 Mass] 321; Morrell v Dickey, 1 Johns Ch 153; Matter of Van Dyk, 33 NYS2d 776; Matter of Feltrinelli, 159 NYS2d 563; Matter of Papazoglou, NYLJ, July 11, 1973, p 14, col 6). Accordingly, it would be more appropriate under the facts presented for letters of guardianship of the person to be issued by a court of competent jurisdiction in the State of New Jersey where the infants presently reside.
The applications for successor letters of guardianship of the person are denied without prejudice to a further application for the same relief, if in the future the infants should have more significant contact with this State other than having funds on deposit in New York.