OPINION OF THE COURT
Millard L. Midonick, J.
The mother of these three infants seeks orders under EPTL 7-4.3 (subd [c]) directing the custodian under the New York Uniform Gifts to Minors Act to pay her $6,700 annually for each infant’s support. The custodian is the infant’s father. The custodial property of each infant consists of securities and cash, valued at approximately $120,000, on deposit in a custody account with Citibank. The backdrop of this proceeding is apparently a dispute between the infants’ divorced parents with respect to the amounts payable by the father for support. The mother alleges that support payments have been deliberately reduced to pressure her into accepting a reduction in alimony and that the father is using the funds to furnish the infants with lux *899 uries while refusing to make sufficient support payments in their behalf to her.
On oral argument petitioner was given leave to amend in order to request accountings by the custodian but no such amendment was filed. Petitioner’s reply affidavit requests only that the custodian furnish copies of the statements of the custodial accounts from January, 1978 to date.
The significant issue at this stage of the proceeding is raised by respondent’s contention that this court lacks jurisdiction because the infants and their mother are nonresidents of this State. They are New Jersey residents. The respondent resides in Colorado. The basis for this jurisdictional challenge is the language of EPTL 7-4.9 (subd [d]), which defines thé term “court” as used in the other sections of the Gifts to Minors statute under which the petition is framed:
“ ‘Court’ means the supreme court or the surrogate’s court having jurisdiction over the minor.” It is respondent’s position that the requisite jurisdiction over a minor cannot be found when the minor is a nonresident.
Jurisdiction to exercise this court’s broad powers with respect to infants (SCPA 1701) is prescribed in SCPA 1702. While residence or sojourn in this county is one source of that jurisdiction under subdivision 1 of the statute, the court is also expressly empowered to appoint a guardian of the infant’s person or property where the infant is a non-domiciliary of this State but has property in this county (SCPA 1702, subd 2; see SCPA 103, subd 16). The courts have long recognized a Surrogate’s jurisdiction to appoint a guardian of a minor who resides outside the State but has property in the county in question. (Matter of Thorne, 240 NY 444, 450; Matter of Delaney, 282 App Div 280; Matter of Farrell, 97 Misc 2d 18.)
The decision in Matter of Gardner (NYLJ, Dec. 29, 1971, p 15, col 3) on which respondent relies is distinguishable. Surrogate Aarons held that the court had no jurisdiction to compel the custodian to account because it lacked jurisdiction over the minor who did not reside in this county, but in that case the minor resided in New York State. The presence of the minor’s property in this county *900 confers jurisdiction under SCPA 1702 (subd 2) only where the infant is a nonresident of the State. Coman v Coman (NYLJ, Aug. 26, 1971, p 11, col 7) also relied on by respondent seems to equate jurisdiction over the minor with the minor’s residence and to that extent fails to consider the full extent of the court’s jurisdiction over nonresident minors.
Policy considerations further support this court’s jurisdiction here. The property in question is physically located in this county (SCPA 208, subd 3) while the infants and both parents live in different States. This court is thus the most appropriate forum and perhaps the only one where such a proceeding could lie. The challenge to this court’s jurisdiction is accordingly denied.
Respondent’s challenge to the jurisdiction over his person because he was served by mail is denied since the fund in question is situated here. (SCPA 307.) Before reaching the merits of these applications, the appointment of a guardian ad litem for the minors will be necessary.