LATHAM M. JAGGAR, Respondent, *against* THOMAS CUN-
NINGHAM, Appellant.

(Decided January 5th, 1880.)

The plaintiff procured certain personal property to be seized under a requisition for
that purpose issued in the action, and the defendant, on giving the usual under-
taking for that purpose, procured it to be returned to him. In his complaint in
the action the plaintiff demanded damages for the taking of the property, but did
not demand a return of it, and on a trial had a verdict on which was entered a
judgment for the damages and costs, but not awarding a return of the property.
In a suit against the sureties on the undertaking given by the defendant, the
plaintiff was defeated on the ground that the sureties were liable only in case
" delivery of the property should be adjudged," and that no such judgment had
been made. On a motion to amend the judgment and proceedings in the first
suit,—*Held*, that under § 723 of the Code of Procedure the court had power, and
it was proper, on suitable terms, to vacate and set aside the judgment, and allow
the plaintiff to amend his complaint, so as to make it one containing appropriate
allegations and a demand for a return of the property claimed in the complaint,
and in case a return could not be had, judgment for the value thereof, and
damages for the detention of the same.

APPEAL by the defendant from an order of this court
made at special term.

The plaintiff in this action claimed the delivery from
defendant of certain personal property. The defendant pro-
cured a return to him of the property by giving the usual
undertaking. Plaintiff served a complaint in the action de-
manding damages only, and not the customary judgment for
a return of the property claimed. Defendant answered : the
cause was tried, and resulted in a verdict for $302 40 dam-
ages for plaintiff. Plaintiff subsequently brought an action
against the sureties on defendant's aforesaid undertaking,
but was defeated on the ground that, by the terms of the
undertaking, the sureties were to become liable to plaintiff
" if delivery of the property should be adjudged," and he had
no such judgment.

Plaintiff then applied in this action at special term for

an amendment of the judgment to make it a judgment direct-
ing the return of the property, and in case a return thereof
could not be had, then that plaintiff have judgment for
$302 40, the value thereof, &c. The motion was opposed,
and the court ordered that the judgment be vacated and set
aside on payment by plaintiff to defendant of $10 costs of
motion and the statutory costs of trial and necessary dis-
bursements since the joining of issue; and that plaintiff
thereupon have twenty days from the date thereof to serve
his amended complaint, and the defendant twenty days
thereafter to answer, otherwise the motion denied. From
this order the defendant appealed.

The following opinion was written at special term by
CHARLES P. DALY, Ch. J.:—

The plaintiff, by his summons and preliminary proceed-
ings, brought an acton for claim and delivery, and by the
process took from the defendant in the action the property
which the plaintiff claimed belonged to him. The defend-
ant obtained a return of it by giving the undertaking, upon
which the action was brought against the sureties. The
plaintiff in his complaint merely averred that the defendant,
Cunningham, unlawfully took the property and converted it
to his own use. It set forth the value of the property as
$700, and, instead of claiming a return of it and the dam-
ages for the unlawful taking, he demanded judgment for
$1000 damages. Under such a complaint all that the plain-
tiff could obtain was a judgment for damages, and the jury
gave him a verdict for $302 40; and in the action against the
sureties on the undertaking he failed, because the condition
of the undertaking was that the obligor would, if delivery
of the property should be adjudged to the plaintiff, be bound
in the sum of $900, and as delivery to the plaintiff had
never been adjudged, there was no breach of the condition.

The plaintiff now seeks to be relieved from the position in
which he has been placed through the erroneous complaint
he filed, and the judgment rendered upon it. I think the
court have the power to relieve him, and that justice re-
quires that it should do so: The only way in which he can

be relieved is by allowing the judgment rendered to be set aside, and giving him liberty to file and serve an amended complaint upon the payment of the costs of the trial, and $10 costs of this motion. To the amended complaint the defendants can serve an amended answer, and upon the issue thus framed the plaintiff, if he re-establishes his right to the property, may have the proper verdict and judgment."

*Walsh & Eckerson*, for appellant.

*Richard Busteed & Son*, for respondent.

JOSEPH F. DALY, J. [after stating the facts as above given].—The power here exercised by the learned chief justice at special term in making the order appealed from is the power of amendment under section 723. His order is to be regarded as an order amending the complaint, after judgment, and attaching thereto the condition that the judgment in plaintiff's favor be set aside, and a new trial had. The exercise of the power of amendment to an extent as great and unusual has been approved (*N. Y. Ice Co.* v. *North-Western Ins. Co.*, 23 N. Y. 357). The section permits the amendment of a pleading after judgment by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case. The plaintiff, evidently through inadvertence, neglected to claim the return of the property in his complaint, and thus deprived himself of the benefit of the security given by defendant on retaking the goods. The judgment in his favor for damages was in effect a finding that the goods were his, and the defendant cannot be injured by an amendment of the pleading, upon which a verdict to that effect may be entered. The new trial and the opportunity to set up a new defense are advantages as great as the amendment accords to plaintiff. Had the complaint contained the demand omitted, the verdict and judgment might have been amended to conform to what would be a proper verdict in such a case.

If the sureties on defendant's undertaking have been induced to change their position by the plaintiff's mistake, it is for them to set it up when sued.

The only objection to the order is, that it fails to confine plaintiff to the particular amendment contemplated, and should therefore be modified by providing that the amended complaint is to be one " containing appropriate allegations and demand for a return of the property claimed in the complaint, and in case a return cannot be had, judgment for the value thereof and damages for detention of the same."

The order so modified is affirmed without costs of this appeal to either party.

VAN HOESEN, J., concurred.