CONKLIN et al. v. NEW YORK EL. R. CO. et al.

(Supreme Court, Special Term, New York County. July 2, 1890.)

JUDGMENT—DEFAULT IN PERFORMANCE—POWER OF COURT TO RELIEVE FROM.

A judgment restraining an elevated railroad company from operating its road in a street in front of plaintiffs' premises provided that the injunction should not become operative unless plaintiffs, within 60 days, tendered to the company a release of their easements in the street. *Held*, that the expiration of the period limited for making the tender would not prevent the court from thereafter extending the time, as courts have the inherent power to control their judgments in the interests of justice, and Code Civil Proc. N. Y. § 783, expressly empowers courts to relieve a party from the consequences of an omission to do an act required to be done within a prescribed time.

At chambers. Action by Frederick N. Conklin and others against the New York Elevated Railroad Company and the Manhattan Railway Company for past damages sustained by the construction and operation of defendants' elevated railroad, for an injunction to restrain such further operation. A judgment was entered in plaintiffs' favor on April 17, 1890, but it was therein provided that the injunction should be wholly inoperative, unless plaintiffs, within 60 days, tendered to defendants a conveyance and release of all their easements in the street appropriated by defendants' railroad, and unless within 5 days after such tender defendant failed or refused to accept the same, and paid or tendered to plaintiffs $4,000, with interest from the date of the judgment. No tender of the deed was made by plaintiffs within the 60 days above provided, but on June 21st, 5 days after the expiration of the 60 days, an *ex parte* order was made, extending the time for 20 days. Defendants now move that said order be set aside. For former report, see 12 N. Y. Supp. 846.

*Henry G. Atwater,* (*Peckham & Tyler,* of counsel,) for plaintiffs. *Brainard Tolles,* (*Davis & Rapallo,* of counsel,) for defendants.

INGRAHAM, J. A motion is made to vacate an order of the court granted on the 21st of June, 1890, upon the ground that the court had no power to grant the order; it appearing that the time within which the plaintiffs were to comply with the terms of the judgment had expired prior to the making of the order, which extended the time 20 days from date. Counsel for defendants expressly waives any objection to the order on the ground that no notice was given of the application, and consents that the only question to be determined is whether or not the court has power to make the order upon notice to the defendants. It is clear that the court had power to make the order. In the case of *Genet* v. *Canal Co.,* 113 N. Y. 475, 21 N. E. Rep. 390, it is stated: "The general practice permits courts to control their judgments in the interests of justice." And in *Hatch* v. *Bank,* 78 N. Y. 489, it was held that the power of the court over its own judgments was an inherent power, and not limited in matters of substance by the Code. The judgment in this action provided that, upon the plaintiffs failing to tender a conveyance within a certain time, the injunction granted should be inoperative, and defendants claim that the court had no power to relieve against a default in making such tender. From the authorities above cited it would appear that the power of the court over its own judgments is unlimited, and by section 783 of the Code the power is expressly given to relieve the party from the consequences of an omission to do the act which is required to be done within a prescribed time, and allow such an act to be done; and under this provision, and the unlimited power of the court over its judgments, the order was properly granted. Application to vacate will therefore be denied.