Gildersleeve, J.
The plaintiff, an infant, by his. guardian ad litem, brought this action to recover damages-for injuries sustained while in the employment of defendants, and a verdict was rendered in his favor for $2,000 and judgment duly entered. Both parties agreed not to. appeal. The defendants, anxious to pay the judgment,, requested the guardian ad litem to give security, pursuant to section 474 of the Code, or have himself appointed general guardian of saidjnfant. Being unable to furnish the necessary security, he failed to comply with this-request. No execution was issued by the plaintiff. Upon motion of defendants, setting up by affidavit the foregoing, the court, at special term, ordered defendants to pay into court the amount of the judgment, with interest to-date of deposit, and directed the clerk, on such payment *158 'being made, to cancel of record the said judgment. From this order this appeal is taken.
The brief of the learned counsel for the appellant in this matter is largely taken up by discussion of the merits of acts that never happened, but that might have taken place in the regular course of procedure. ' We are inclined to believe that his views on these hypothetical situations .are, in the main, correct, but we are not called upon to determine their correctness in disposing of this appeal. It is undoubtedly true that, had defendants parted with the amount of the judgment in some manner authorized by law in satisfaction thereof, their liability would have ceased, though the money never reached the infant. The payment, in virtue of due and regular legal process, would have been a bar to any further proceedings (Code, § 743 ; Shailer v. Morgan, 9 N. Y. Supp. 493; Westhoff v. Germania L. Ins. Co., 107 N. Y. 580).
Had the amount of the judgment been paid to the plaintiff’s attorney by either the defendants or the sheriff, the responsibility of settlement with the guardian ad litem would then have been with the attorney. Had the money failed to reach the infant, it would then have been “ a matter between the court, the plaintiff’s attorney, the infant and the guardian ad litem."
But we must reason from the situation as we find it. 'The powers of the plaintiff, had he chosen to exercise them, are not material to this discussion. Their effect is equally immaterial. Neither demand consideration here.
The facts that confronted the learned judge, at special term, in this matter were as follows, viz.: A judgment against- the defendants, awarding the plaintiff damages, through his guardian ad litem; a stipulation that no appeal was to be taken therefrom by either party ; no execution had been issued ; no security had been given by the guardian ad litem to entitle him to receive money or property -of the infant, as provided by section 474 of the Code, and the concession that he was not in a oosition to do so; and *159 the further fact that the defendants were anxious and willing to pay said judgment and asked authority to pay the .amount thereof into court for the benefit of the plaintiff.
Section 469 of the Code is as follows: “ Before a summons is issued in the name of an infant plaintiff, a competent and resppnsible person must be appointed, to appear .as his guardian for the purpose of the action, who shall be responsible for the costs thereof.” Section 474 of the 'Code expressly provides that a guardian ad litem for an infant party “ shall not be permitted to receive money or property of the infant other than the costs and expenses allowed to the guardian by the court, until he has given .sufficient security, approved by a judge of the court.”
The legislature has very properly assumed to prescribe .and regulate the appointment of guardians ad litem, and it is within its power to define, limit and regulate the .authority of the guardian, and declare the conditions under which the authority shall be exercised. Infants are .specially entitled to the protection of the law. It is obvious that the legislature, in enacting the above provision, intended to furnish protection to the infant. It is a wise safeguard, and imposes upon the guardian the imperative duty of giving security before he can lawfully receive money or property of the defendant (Westhoff v. Germania Life Insurance Company, 107 N. Y. 580).
There is no express authority "in the Code for the proceeding taken herein, nor are we able to find any precedent therefor. From this, however, it does not necessarily follow that the order was improperly made.
Did the court possess the necessary power to grant the order asked, and if it did, was the power properly exercised ?
Prior to January 1, 1830, when the revised statutes took effect, the chancellor of New York had the same jurisdiction over infants as belonged to the chancellor of England. Our courts of record have the same equity jurisdiction possessed by the courts of England, with the *160 exceptions, additions and limitations created and imposed by the constitution and laws (2 Kent's Com. 223).
In the absence of any statutory provision for or against the order in question, we are of the opinion that the power to grant it is embraced within the general inherent powers of a court of equity. A court of equity or a superior-court of record has always power over its own judgments (Dietz v. Farish, 43 Super. Ct. 87).
It is common to make payment into court before judgment. A plea of tender before suit requires a defendant answering to pay the tender into court at time of answering, and yet the authority therefor is not found in any express statutory provision (Becket v. Boon, 61 N. Y. 321).
When the amount due has become certain by entry of judgment, and stipulation not to appeal, there can be no-valid objection, under our practice, to paying the money into court and satisfying the judgment for any good cause. Any court having equity jurisdiction would decree payment of money so received to whomsoever establishes his-rights to it. The course here followed puts a stop to-injuries the defendants are sustaining. It finds support in the general principle of equity jurisprudence “ that equity aims at putting parties exactly in the position which they ought to occupy; giving them in specie what they are entitled to enjoy; and putting a stop, actually, to injuries-which are being inflictéd ” (Bisphams Prin. of Equity, p. 67). It relieves the defendants from the obstacles and embarrassments which the lien of the judgment upon their real estate entails ; saves them accruing interest and also saves them from possible sheriff’s fees, when they stood ready and willing to pay. It protects the infant by securing to him the amount of the judgment, while the defendants were ready and able to pay it, and secures him from loss through his guardian ad litem, who already has manifested inability to furnish security. Further, the interests of the infant imposed upon the court the duty of protecting his rights and preserving his property. “ As to- *161 all matters not included within the statutes, and in many States concurrently with this statutory system the original equity jurisdiction over infants, like that over administrations, still remains in full force, to be exercised whenever occasion calls for its being set in motion ” (Pomeroy's Equity Jurisprudence, vol. 3, p. 326).
We think the court had power to bestow the relief sought and that, under the circumstances presented, it became the duty of the court to grant the order.
The order should be affirmed, with $10 costs to the respondent.
Sedgwick, Ch. J., concurred.