RAUTH v. NEW YORK EL. R. CO. et al.

(Superior Court of New York City, Special Term. April 5, 1893.)

JUDGMENT—AMENDMENT.

A judgment directing defendants to tender to plaintiff, within a certain time, a certain sum of money, and interest, in avoidance of an injunction restraining defendants from maintaining and operating an elevated railroad in front of plaintiff's premises, may be amended, on defendants' motion, so as to allow defendants to pay the amount into court, where they show that, after diligent search, they are unable to find plaintiff.

Action by Bertha Rauth against the New York Elevated Railroad Company and another to restrain defendants from maintaining and operating an elevated railroad in front of plaintiff's premises. Defendants move to amend the judgment. Motion granted.

Davies, Short & Townsend, for the motion.
Townsend, Dyett & Einstein, opposed.

GILDERSLEEVE, J. The judgment directs that defendants should tender to plaintiff, within 60 days, the sum of 6 cents, and interest, in avoidance of an injunction restraining defendants from maintaining and operating their elevated railroad in front of plaintiff's premises. The time in which the tender was directed to be made was extended by order, and it expires on April 7th. The defendants have been unable to find the plaintiff, after diligent search, and now ask leave to pay the money into court, instead of tendering it directly to the plaintiff. The plaintiff's counsel object on the ground that granting this motion would modify the judgment, and that this can only be done on appeal. I cannot coincide in this view of the case. It is true that the court should not, after final judgment, change by amendment a ruling upon the law, or alter the decision upon the merits; but in certain directions it has the power of amendment, where the substantial rights of the adverse party are not really affected. Bohlen v. Railroad Co., (N. Y. App.) 24 N. E. Rep. 932. See, also, Genet v. Canal Co., 113 N. Y. 475, 21 N. E. Rep. 390; Weil v. Martin, 1 Civil Proc. R. 133; Hatch v. Bank, 78 N. Y. 487; Conklin v. Railroad, (Sup.) 13 N. Y. Supp. 782; Jaggar v. Cunningham, 8 Daly, 511; McKelvey v. Lewis, 44 N. Y. Super. Ct. Rep. 561, affirmed 76 N. Y. 377; New York Ice Co. v. Northwestern Ins. Co., 23 N. Y. 357; Hogan v. Hoyt, 37 N. Y. 300; Fry v. Bennett, 9 Abb. Pr. 45; Brown v. Colie, 1 E. D. Smith, 270; Calmbacher v. Neuman, (Super. N. Y.) 18 N. Y. Supp. 198. A court of equity, or a superior court of record, has always power over its judgments. Calmbacher v. Neuman, supra; Dietz v. Farish, 43 N. Y. Super. Ct. 87. The general practice permits. courts to control their judgments, in the interest of justice. Genet v. Canal Co., supra. This motion does not ask to have the judgment amended to the prejudice of any substantial right of the adverse party, but simply for further relief in the line of the judgment; supplying a remedy for an evil, i. e. the difficulty of finding the plain-

tiff, which could not have been foreseen when the judgment was rendered. The relief here asked for is within the inherent powers of the court, (Calmbacher v. Neuman, supra, and cases above cited,) and should be allowed. Motion granted, without costs.