GROGE v. RUFF et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

JUDGMENT—SUSPENSION AND STAY OF PROCEEDINGS—POWER OF COURT.

A judgment commanded defendants to commence within 10 days to reduce a certain chimney to its former height, repair the concrete foundation, etc., and complete the work within 90 days, and provided that, if defendants did not commence and complete the work within the time specified, plaintiff could recover certain damages. It was necessary to enter plaintiff's premises in order to do part of the work. *Held* that, where plaintiff refused to allow defendants to enter her premises, the court had inherent power to protect defendant by adding an appropriate provision at the foot of the judgment, if necessary, or by staying the operation of the portion relating to the time within which they were required to commence and complete the work until such time as plaintiff might afford them reasonable opportunity to perform the work.

Appeal from Special Term.

Action by Anna M. Groge against August Ruff and another. From a refusal to enter an order at the foot of the judgment directing plaintiff to permit defendants to enter on plaintiff's premises to do work directed by the judgment, etc., defendants appeal. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

John Frankenheimer, for appellant.

LAUGHLIN, J. On the 7th day of November, 1907, judgment was duly entered therein pursuant to a decision on the trial of the issues at Special Term. The judgment commands the defendants to commence within 10 days after service of a copy of the decision and judgment and notice of entry thereof to reduce a certain chimney to its former height and condition, to remove the pieces and fragments of brick and mortar in the flues of said chimney, to repair and restore the concrete foundation of a certain party wall between the premises of plaintiff and defendants, to render the party wall stable and safe and sufficiently strong to bear the weight imposed on it, to repair the cracks in the walls and ceilings of all the rooms of plaintiff's house, and remedy the condition of the doors, windows, and floors thereof therein described, and to continue all of said work and to fully complete the same within 90 days after commencing the same.

In subdivision 8 of the judgment it is provided that, in the event that the defendants do not commence and complete said work within the respective times within which they are directed to commence and complete it, plaintiff "recover from the defendants" the sum of $4,000 in addition to the sum of $374.90, her costs and disbursements, for which she is awarded judgment in subdivision 7 of the judgment, and that she have execution against the defendants "accordingly." The last paragraph of the judgment gave defendants 20 days stay of execution on the judgment. The judgment contains no express provision requiring a further application to the court by plaintiff showing default on the part of the defendants to render the judgment for the $4,000 effective, or to authorize the issuance of execution thereon.

The motion was based upon proof by affidavit showing an attempt in good faith by defendants to comply with the judgment within the time required, and that, as is manifest, part of the work can only be performed from plaintiff's premises, and that she refused admission thereto on due demand for the purpose of complying with the judgment. It is unnecessary to decide whether the court has authority by order to compel plaintiff to suffer the defendants, their agents or servants to enter upon her premises to perform the work which the defendants by the judgment, presumably at the request of plaintiff, are directed to perform, for complete protection to the defendants against the technical default, which plaintiff's conduct is calculated to produce, may be otherwise afforded.

The point now presented was not involved in the decision. It arises on the enforcement of the decree, and therefore the court has inherent power to protect the defendants either by adding an appropriate provision at the foot of the decree, or by staying the operation of the judgment and the running of the time within which defendants. are required to commence and complete the work until such time as plaintiff affords the defendants reasonable opportunity to perform the work. Duclos v. Benner, 53 Hun, 636, 6 N. Y. Supp. 294; King v. Barnes, 51 Hun, 551, 4 N. Y. Supp. 247, affirmed 113 N. Y. 476, 21 N. E. 182; Rauth v. N. Y. El. R. Co. (Super. Ct.) 23 N. Y. Supp. 750; Clark v. Hall, 7 Paige, 382. The decree should have expressly provided for the contingency which has arisen, but evidently it was not foreseen, and the question now arising was not litigated. We are of opinion that it is not necessary to amend or add to the decree, although, if necessary, this might be done with respect to the time of complying therewith. Adams v. Ash, 46 Hun, 105; Conklin v. N. Y. El. R. R. Co. (Super. Ct.) 13 N. Y. Supp. 782. We think that the appropriate order to afford protection to defendants is a stay of the operation of the eighth clause of the judgment and of the time prescribed for the judgment for $4,000 becoming effective and enforcible by execution and of the issue of execution thereon until plaintiff formally notifies defendants of her readiness to afford them access to her premises at all reasonable hours for the purpose of performing the work requiring such access for its performance, and until 90 days after she remains ready and willing to afford them such access after such notice, and affords such access if they apply therefor after such notice from her.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted as herein indicated, with $10 costs. All concur.