COLUMBIA KNICKERBOCKER TRUST CO. v. ITHACA ST. RY. CO.

(Supreme Court, Equity Term, Tompkins County.)

1. CORPORATIONS (§ 482*)—MORTGAGES—FORECLOSURE—RIGHTS OF MINORITY BONDHOLDERS.

Where a mortgage to secure bondholders contained a provision that 51 per cent. of the bondholders could control in all matters of judgment, discretion, or policy, including proceedings to enforce the mortgage, and a judgment of foreclosure provided that the referee should offer the property for sale at such time as the plaintiff might request, a motion by a minority bondholder that the judgment be amended to provide that the referee proceed to sell with all convenient speed will be granted; it being against public policy that the majority bondholders should have the right to control the acts of an officer appointed by the court to carry out its judgment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1870, 1877– 1888; Dec. Dig. § 482.*]

2. MORTGAGES (§ 495*)—ALTERATION—DIRECTIONS—MERITS.

A court has the power to alter a direction, inserted in a judgment of mortgage foreclosure, that the referee shall sell when requested by the plaintiff, or any mere direction as to how a judgment is to be carried into effect, which does not relate to the merits of the controversy.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1446–1456; Dec. Dig. § 495.*]

Action by the Columbia Knickerbocker Trust Company, as trustee, against the Ithaca Street Railway Company to foreclose a mortgage. Judgment for plaintiff. On motion by E. G. Wyckoff, a bondholder, to amend the judgment. Motion granted in part.

Hedges, Ely & Frankel, of New York City, for the motion.
Davies, Auerbach, Cornell & Barry, of New York City, opposed.

KILEY, J. [1] The above-entitled action was brought by the plaintiff to foreclose a mortgage upon the property of the Ithaca Street Railway Company above named. A judgment of foreclosure and sale was entered in said action in Tompkins county on February 8, 1913.

In and by said judgment Edward N. Jackson was appointed referee to sell the property covered by the mortgage. In and by said judgment it is provided that the said referee shall offer the property for sale under said judgment at such time as the plaintiff may request; the following being the language of the judgment:

"Be offered for sale at such time as the plaintiff herein may request the said referee hereinafter appointed to sell the same."

E. G. Wyckoff, the moving party herein, owned about $80,000 of the face value of the bonds of said corporation; there being in the neighborhood of $400,000 additional held by a committee, who are seeking to reorganize said road. The mortgage in question was given to secure the payment of these bonds.

The mortgage contained the provision that the holders of 51 per cent. of the amount of bonds secured by said mortgage could control the proceedings to enforce the terms of said mortgage, such provision being contained in the following language quoted from the mortgage:

"In all matters of judgment, discretion, or policy arising hereunder, including proceedings for any sale of the property hereby mortgaged and obligated, or for the foreclosure of this indenture, or for the appointment of a receiver, or in any other action or proceeding hereunder, the trustee shall be fully justified and protected in acting in conformity with any request of the holders of a majority in amount of the bonds hereby secured."

The relief asked for herein is that the judgment be amended or modified, so that the usual conditions of any judgment or foreclosure, viz., that the referee proceed to sell said property with all convenient speed, may operate. The plaintiff insists that the moving party has no standing in court, and that he is bound by the judgment, he not being a party to the action, except as he was a bondholder and secured by the mortgage, and that the trustee represents him.

I am of the opinion that Mr. Wyckoff has a right to make this motion. If a majority of the stockholders, by the terms of the mortgage, can project themselves into the future and over a judgment of the court, and control the court, then I think a minority stockholder has a right to kick, and at least bring the attention of the court to the condition existing under such a judgment.

[2] The answer to that position, made by the plaintiff, is that the judgment cannot be amended, and that the only way to review it is by an appeal. I think that is so as to matters involved in the issues tried and determined. What I think, further, is that the court has power to modify directions inserted in the judgment commanding the parties to do particular things, for the purpose of carrying the judgment into effect, which do not relate to the merits of the controversy. The foregoing language is not mine, I have taken it almost wholly from Adams v. Ash, 46 Hun, 105, which case is cited with approval in Groge v. Ruff, 126 App. Div. 31, 110 N. Y. Supp. 259.

The cases cited by the plaintiff only take the question up to a time before the entry of judgment. After judgment has been entered, it is against public policy that a party to an action in which the judgment was granted can still reach over the head of the court and control the movements of an officer appointed by the court to execute its decree.

However, the plaintiff shows strong reasons why this sale should be postponed. There is no question but what it is making an honest and earnest effort to take care of the interest of the bondholders; it has used due diligence in perfecting its plans, and they are not yet completed. While I am going to direct that the provision in the mortgage restraining sale by the referee until requested to do so by the plaintiff be stricken out, and that he proceed to a sale unhampered by said provision, I am going to stay the effect of such change, and direct that no sale take place under the mortgage earlier than September 1, 1913, unless the plaintiff, in the meantime, elects and requests said sale; that after September 1, 1913, if the sale, or proceeding for a sale, has not been had or commenced, then the said referee advertise said property for sale.

Let an order be prepared accordingly.