DETROIT FIDELITY AND SURETY COMPANY, Appellant, *v.* RUSSEL H. KITTEL and Others, Respondents, Impleaded with NETHERLAND HOLDING CORPORATION, Appellant.
STATE SALES SYNDICATE, INC., Appellant.

First Department, June 23, 1930.

*Alfred A. Walter* of counsel [*Walter & Wolff*, attorneys for appellant, Detroit Fidelity and Surety Company; and *Isidor Enselman*, attorney for appellant State Sales Syndicate, Inc.], for the appellants.

*Harry W. Mack* of counsel [*Mack & Taylor*, attorneys], for the appellant, Netherland Holding Corporation.

*Russel H. Kittel*, respondent in person.

*Irving E. Fromer*, for the respondent Mabel B. Kittel.

*Paul M. Abrahams*, appearing specially for the purpose of filing memorandum only on behalf of Robert K. Taylor and Mabel B. Kittel, respondents.

MARTIN, J. The respondents Kittel and Taylor recovered a judgment for the sum of $18,287.07, with interest from March 15, 1930, on a counterclaim against the Netherland Holding Corporation in a consolidated action in the New York Supreme Court. The plaintiff, appellant, Detroit Fidelity and Surety Company is a judgment creditor of the defendant Kittel, having on October 22, 1923, obtained a judgment by confession against him in the sum

of $25,000 upon which he is entitled to a credit of $10,000 and the balance with interest from October 22, 1923, is still due and owing.

This plaintiff, appellant, instituted this judgment creditor's action pursuant to sections 1185 to 1196 of the Civil Practice Act and named Robert H. Kittel, Mabel B. Kittel and Taylor and the Netherland Holding Corporation as the defendants.

In this action the following relief is asked: " That the defendant, Netherland Holding Corporation, be required to pay unto this plaintiff herein, out of the sums of money due, owing and payable by it to the defendant, Russel H. Kittel, a sum equal to the amount of the plaintiff's judgment against the defendant, Russel H. Kittel, to wit, the sum of $15,000, with interest thereon from the 22d day of October, 1923, or so much thereof as it has funds in its hands due, owing and payable to the said defendant Russel H. Kittel."

The plaintiff served upon the Netherland Holding Corporation a third party order in supplementary proceedings, restraining said defendant Netherland Holding Corporation from paying any moneys due pursuant to said judgment against the Netherland Holding Corporation, the judgment referred to being the judgment in favor of Kittel and Taylor against the Netherland Holding Corporation.

The appellant State Sales Syndicate, Inc., has a judgment for approximately $5,000 against the defendant Taylor which judgment also antedated the decree in the Netherland Holding Corporation matter in favor of Taylor and Kittel and against the Netherland Holding Corporation which judgment was entered October 29, 1925, and no part of which has been paid. This appellant served a similar third party restraining order in supplementary proceedings upon the Netherland Holding Corporation.

At the time this motion was made at Special Term, the defendant Netherland Holding Corporation was in the following position: A judgment had been entered against it for $18,287.07 with interest from March 15, 1930, the stay of execution upon which expired on May 22, 1930. In addition it had been stayed by injunctions contained in supplementary proceeding third party orders from paying this judgment to respondent Kittel to the extent of $15,000 and from paying this judgment to respondent Taylor to the extent of $5,000.

The Netherland Holding Corporation has no interest in the controversy between Kittel and Taylor and their respective judgment creditors and is seeking to protect itself by depositing the money in court, obtaining a satisfaction piece and escaping any further liability in the judgment creditors' action. The judgment

creditors of Kittel and Taylor are not only willing that this deposit should be made, but desire it for their protection and the appellants contend that the denial by the court to allow this deposit by the Netherland Holding Corporation of the amount of the judgment against it and in favor of Kittel and Taylor was error and should be reversed and the money ordered deposited.

The right to pay a judgment into court, especially when it is claimed by several parties, and thus avoid the danger of being required to pay the amount to several claimants appears to be settled. The Civil Practice Act, section 530, subdivision 4, provides that a judgment debtor may pay the amount of a judgment into court and have the judgment canceled.

In *Calmbacher* v. *Neuman* (18 N. Y. Supp. 198) the court said: " When the amount due has become certain by entry of judgment and stipulation not to appeal, there can be no valid objection, under our practice, to paying the money into court, and satisfying the judgment, for any good cause. Any court having equity jurisdiction would decree payment of money so received to whomsoever establishes his rights to it. The course here followed puts a stop to injuries the defendants are sustaining. It finds support in the general principle of equity jurisprudence ' that equity aims at putting parties exactly in the position which they ought to occupy, giving them *in specie* what they are entitled to enjoy, and putting a stop, actually, to injuries which are being inflicted.' Bisp. Eq. p. 67. It relieves the defendants from the obstacles and embarrassments which the lien of the judgment upon their real estate entails, saves them accruing interest, and also saves them from possible sheriff's fees, when they stood ready and willing to pay." (See, also, *Rauth* v. *New York El. R. Co.*, 23 N. Y. Supp. 750, and *Heiter* v. *Joline*, 135 App. Div. 13.)

There appears to be no valid reason why the judgment debtor should not be protected from the claims of several judgment creditors when it is willing to pay the amount due into court. The party entitled to the amount deposited will also be protected. The ownership may then be decided in a proper proceeding.

The order should be reversed, with ten dollars costs and disbursements and the motion granted.

FINCH, MERRELL, McAVOY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.