John E. Cone, J.
Defendant moves for an order staying the plaintiff from issuing execution on a judgment recovered against the defendant on November 14,1955 in the sum of $1,851.96 and for such other relief as the court may deem just and proper.
Since the recovery of the judgment, the defendant has been served with several third-party subpoenas or orders issued by judgment creditors enjoining the defendant pursuant to section 781 of the Civil Practice Act from paying out any moneys to which the plaintiff is entitled. The defendant asserts that it is presently in a precarious situation. And, indeed, it is. On the one hand it is threatened with execution against its property which will subject it to additional expense for sheriff’s fees, although it is desirous of paying the judgment, and, on the other hand, it is subject to contempt of court if it does pay the judgment. As a way out of its dilemma, the defendant suggests that it be permitted to pay the money due on the judgment into court and that the ownership thereof should be determined in a proper proceeding.
The attorneys for the plaintiff oppose the payment into court of any money unless their asserted liens for services and an asserted lien of plaintiff’s accountant for services rendered in this action shall have been first paid.
In Detroit Fidelity & Sur. Co. v. Kittel (230 App. Div. 213) the court said at page 215:
“ The right to pay a judgment into court, especially when it is claimed by several parties, and thus avoid the danger of being *140 required to pay the amount to several claimants appears to be settled. The Civil Practice Act, section 530, subdivision 4, provides that a judgment debtor may pay the amount of a judgment into court and have the judgment canceled.
“ In Calmbacher v. Neuman (18 N. Y. Supp. 198) the court said: ‘ When the amount due has become certain by entry of judgment and stipulation not to appeal, there can be no valid objection, under our practice, to paying the money into court, and satisfying the judgment, for any good cause. Any court having equity jurisdiction would decree payment of money so received to whomsoever establishes his rights to it. The course here followed puts a stop to injuries the defendants are sustaining. It finds support in the general principle of equity jurisprudence “ that equity aims at putting parties exactly in the position which they ought to occupy, giving them in specie what they are entitled to enjoy, and putting a stop, actually, to injuries which are being inflicted.” Bisp. Eq. p. 67. It relieves the defendants from the obstacles and embarrassments which the lien of the judgment upon their real estate entails, saves them accruing interest, and also saves them from possible sheriff’s fees, when they stood ready and willing to pay.’ (See, also, Rauth v. New York El. R. Co., 23 N. Y. Supp. 750, and Heiter v. Joline, 135 App. Div. 13.) ”
Accordingly, to be relieved of the possible execution against its property, the defendant, if it so desires, may pay the amount of the judgment into court where a proper proceeding may be instituted to decide the rights of the various claimants. For the purpose of allowing the defendant to make such payment or to take such other steps to protect its rights, execution of the judgment is stayed for 10 days after the entry of the order herein.
Settle order on notice.