A. F. HILLER *v*. JOHN IVY, use of A. L. PREWETT.

ATTORNEY AND CLIENT: POWER OF ATTORNEY TO ACT FOR CLIENT.—The solicitor of the complainant in a bill of interpleader, has authority, on the dismissal of the bill, to demand and receive from the clerk of the court, the money deposited by the complainant with his bill. And hence, a payment to the so.ʳ licitor by the clerk, without notice of any objection thereto by the complainant, is good and valid.

ERROR to the Circuit Court of Chickasaw county. Hon. Joel M. Acker, judge.

This was an action in the name of Ivy for the use of Hiller; and the declaration avers that on the 4th of May, 1854, the plaintiff deposited with the defendant $350, which sum the defendant promised to return to plaintiff with interest, when requested; and that though often requested, he has failed, &c.

To this, defendant pleaded, 1st. The general issue; and, 2d. And for further answer, the defendant says, "that he was clerk of the Circuit Court in and for Chickasaw county; and that said plaintiff filed therein his bill of interpleader in the cases of *A. Prewett* against him, and of *Forcheimer & Co.* against him; and at the time of filing said bill, one C. B. Baldwin was solicitor in said cause for said plaintiff, and so marked on said bill; 'that at the time of filing said bill, said plaintiff deposited with him, as clerk as aforesaid, the sum of $350, the amount by said bill admitted by him to be in his hands; that afterwards, said bill was dismissed, and the right of .complainant protected by plea to said cases; and on the dismissal thereof, and before the termination of the litigation in the actions at law, in one of which said Baldwin was the attorney of record of said Ivy, that said defendant paid said amount to the said C. B. Baldwin, solicitor for said plaintiff in said cause, and his attorney in the actions at law, and which amount defendant is advised, and believes, was long before said usee acquired any interest in said claim, applied by said Baldwin to the uses and credit of said Ivy."

To this plea the plaintiff demurred; and for cause assigned as stated in the opinion of the court.

The demurrer was sustained; and verdict and judgment were rendered for plaintiff, and the defendant sued out this writ of error.

*C. B. Baldwin*, for plaintiff in error,

Insisted that the authority of the solicitor was ample to receive the money, and was not terminated by the dismissal of the bill; and he relied on the following authorities: 1 Binn. R. 469; 1 Call. R. 147; 4 Munf. R. 455; 1 Murphy R. 146; 8 Pet. (S. C.) R. 19; 13 Mass. R. 363.

*L. E. Houston*, on same side.

*W. F. Dowd*, for defendant in error,

Reviewed the authorities cited by opposite counsel, and contended that they were inapplicable to this case.

HANDY, J., delivered the opinion of the court.

This action was brought by the defendant in error, to recover a sum of money which the declaration alleged the plaintiff below "deposited with the defendant," and "which he promised to return to the plaintiff with interest on the same, when requested." The defendant pleaded, 1st. The general issue; and 2d. That he was clerk of the Circuit Court, and that the plaintiff had filed therein his bill of interpleader as to two suits against him brought by different plaintiffs; and at the time of filing said bill, one. Baldwin was the solicitor for the plaintiff therein, and was so marked on said bill. That at the time of filing the same, the plaintiff therein deposited with the defendant in this action, as clerk as aforesaid, the sum of money here sued for, being the amount admitted by the bill of interpleader to be in the plaintiff's hands. That afterwards that bill was dismissed, and the rights of the plaintiff protected by pleas to the original suits against him; and on the dismissal thereof, and before the termination of the actions at law, that the defendant paid said sum of money to said Baldwin, solicitor for the plaintiff in said bill of interpleader, and his attorney in the actions at law, &c.

The plaintiff demurred to this second plea, assigning for causes, 1st. That Baldwin's authority was at an end when the money was

paid to him; 2d. That the plea shows no authority to Baldwin from Ivy to receive the money; 3d. General demurrer. This demurrer was sustained, and judgment on verdict under the first plea was rendered for the plaintiff.

The only question presented in the case is, whether under the circumstances stated in the second plea, Baldwin had authority to receive from the clerk the money deposited with him upon the filing of the bill of interpleader, in which Baldwin was solicitor for the complainant.

The averments of the plea are, in substance, that the money in controversy was filed with the bill of interpleader; that Baldwin was the complainant's solicitor therein, and that on the dismissal of the bill, he received from the clerk the money deposited with him.

It is the primary office and duty of an attorney-at-law, or solicitor in chancery, to represent his client in court in the cause in which he may be retained. But he is also authorized, by the nature of his engagement, to take such incidental steps in the cause as in his judgment may be necessary to protect the interest of his client committed to his charge in the cause. This power is conferred by the fact of retainer, and the implied trust and confidence reposed in him by the client. It is upon this reason that he is authorized to enter into agreements in the details of the cause, concerning matters properly connected with the interest of his client involved in it—to continue or dismiss the cause, and to agree to the terms thereof, in behalf of his client, and to withdraw papers and documents filed in it and properly connected with it. It is the constant practice for solicitors to withdraw documents filed in a cause, either during its pendency or upon its determination; because they are incidents to the cause which is intrusted to his management; and it must be presumed to be within the authority conferred by the client. For such acts are frequently necessary to the protection of the client's interest; they arise naturally from the retainer, and are taken, as to third persons, to be the act of the client.

Upon the same principle, the solicitor has the right, on the dismissal of a cause, to withdraw money which has been deposited as a part of the cause, and as an incident to it; and this may, in many cases, become necessary, in order to protect the interest of the

client. The officers of court are entitled to regard him as the representative of his client in the cause, and in all matters and incidents immediately connected with it. It will scarcely be questioned that an attorney may, after the dismissal of a suit upon a note or bond, withdraw the instrument, either for the purpose of another suit, or for the interest of his client, as he may deem proper ; and that an officer of court would, in the absence of any notice of his want of authority, be justified in treating him as the proper representative of his client. The client, by his retainer, has given him this power, when the attorney or solicitor presents himself as the representative of the client, in the cause and its incidents.

In this case, the money deposited in court is to be considered as a necessary part of the cause, which came within the control of the solicitor during its pendency, and which he had the power to withdraw upon its dismissal ; and it cannot be doubted, that if the clerk had refused to deliver it to the solicitor upon the dismissal of the cause, without notice of opposition by the client, the court should have ordered its delivery, upon the motion of the solicitor, because it came within his control as the solicitor of the complainant.

It does not appear that the clerk had any notice that the authority of the solicitor over the money, as an incident to the cause, was determined by any act of the client; and for aught that appears, he was justified in acting on the presumption that it still continued.

Under these views, the demurrer was improperly sustained ; and, for that error, the judgment is reversed, the demurrer overruled, and the case remanded for further proceedings.