HATTIE WILEMAN, an Infant, by ALICE TRACY, her Guardian ad Litem, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Guardian* ad litem — *he cannot enforce a money judgment until the security required by Code of Civil Procedure, section 474, and rule 51 has been given.*

Where the plaintiff in an action brought by her guardian *ad litem* recovers a money judgment, neither the guardian *ad litem* nor her attorney can take a single step towards enforcing the collection of the judgment, either by issuing execution or otherwise, until the guardian *ad litem* has given the security required by section 474 of the Code of Civil Procedure and rule 51 of the General Rules of Practice.

PATTERSON, dissented.

APPEAL by the defendant, the Metropolitan Street Railway Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of December, 1902, denying the defendant's motion to vacate and set aside an execution therefore issued herein.

*Addison C. Ormsbee,* for the appellant.

McLAUGHLIN, J. :

There is no dispute as to the facts involved in this appeal. They are, so far as the same are material, as follows : The plaintiff, through her guardian *ad litem,* brought this action to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant. She recovered a judgment for a substantial amount, which was affirmed on appeal to this court. Thereafter, the guardian *ad litem,* through her attorney, asked the defendant to pay the amount of the judgment which it was ready and offered to do, provided the guardian *ad litem* would file the security required by section 474 of the Code of Civil Procedure, and rule 51 of the General Rules of Practice. This the attorney refused to do, notwithstanding he admitted no such security had been filed, and he immediately issued an execution upon the judgment to the sheriff of New York county. The defendant thereupon made a motion to vacate and set aside the execution, or for leave to pay the money into court. The motion was denied, and from that order defendant appeals.

I am of the opinion that this order should be reversed. Section 474 of the Code of Civil Procedure provides that " except in a case where it is otherwise specially prescribed by law, a guardian appointed for an infant, as prescribed in this article, shall not be permitted to receive money or property of the infant, * * * until he has given sufficient security approved by a judge of the court, or a county judge, to account for and apply the same under the direction of the court." And to the same effect is rule 51 of the General Rules of Practice.

Here, it is conceded that the guardian *ad litem* had not given the security required by law, and that fact was known to the defendant when it was asked to pay the judgment. She was not, therefore, authorized to receive the amount of, or to satisfy the judgment, and a payment of it would not have protected the defendant. (*Wuesthoff* v. *Germania Life Ins. Co.*, 107 N. Y. 580; *Calmbacher* v. *Neuman*, 28 Abb. N. C. 156.) An attorney has no more authority or power than his client. Here, the guardian *ad litem* being prohibited from receiving the amount of the judgment, her attorney was also prohibited from receiving it, and this seems to be conceded. Both of them being unauthorized to receive the amount of the judgment, it seems to me to necessarily follow, under the provision of the Code referred to, that neither of them could take a single step towards enforcing the collection of the judgment, either by execution or otherwise, until the security had been given as provided in that section. The power to act at all in this respect depended upon the security given. This was a necessary prerequisite to the exercise of any power whatever.

Nor do I see any force in the suggestion that a collection of the judgment may be made through the sheriff, because he is not necessarily required to immediately pay the money to the guardian *ad litem* or her attorney, and can ultimately only pay it over in accordance with law. If an attorney has power to issue an execution, then, so far as a sheriff is concerned, he is presumed to be authorized to receive the amount called for by the execution. It would be very unreasonable to hold that a sheriff, before he can safely pay over money collected upon an execution to an attorney who issued it, must ascertain whether the attorney or his client is legally authorized to receive it. How would a sheriff ascertain these facts? And, in the

absence of satisfactory information bearing on the subject, how long would he be justified in holding the money? Both, as it seems to me, are pertinent inquiries in view of the suggestions. To hold that the sheriff is entitled to receive the amount of the judgment, when the guardian *ad litem* or her attorney cannot, is to do an injustice to the judgment debtor, in that it compels it to pay an additional sum to the sheriff for making the collection. One who is ready and offers to pay a judgment just as soon as the opposing party will put herself in a position to legally receive the amount desired to be paid, and satisfy the judgment, ought not to be compelled to pay the fees of a sheriff for making the collection.

I am of the opinion that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate and set aside the execution granted, with ten dollars costs.

Van Brunt, P. J., O'Brien and Laughlin, JJ., concurred; Patterson, J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.