### HEITER v. JOLINE et al.

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

1. INFANTS (§ 81*)—ACTIONS—GUARDIAN AD LITEM—SETTLEMENT—RECEIPT OF MONEY.

Under Code Civ. Proc. § 474, and general practice rule 51, providing that an infant's guardian ad litem shall not receive money or property of the infant until he has given sufficient security, duly approved, to account for and apply the same under the court's direction, where a forged bond of a guardian ad litem had never been approved, payment of the proceeds of a settlement to such guardian was illegal, and did not constitute satisfaction of the claim.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 81.*]

2. ATTORNEY AND CLIENT (§ 98*)—ATTORNEY FOR GUARDIAN AD LITEM—RECEIPT OF MONEY—AUTHORITY.

The attorney of a guardian ad litem has no greater power than the guardian himself, and hence, where the guardian was not legally authorized to receive the proceeds of a settlement of his ward's cause of action, payment to the attorney did not constitute satisfaction of the claim.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 98.*]

3. STIPULATIONS (§ 13*)—VACATION—FRAUD.

Where a settlement of an infant's cause of action for injuries was obtained by fraud, as was also a stipulation of discontinuance, the court, on an application by the infant, who was free from fault, had power to set aside the stipulation for the discontinuance and direct that the cause should stand for trial.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 67–76; Dec. Dig. § 13.*]

Appeal from Special Term, New York County.

Action by Emily Heiter, an infant, by her guardian, against Adrian H. Joline and another, as receivers, etc. From a judgment removing the guardian ad litem and her attorney and appointing others in their place, canceling a consent to an order of discontinuance, enjoining plaintiffs from using the same, and restoring the case to the calendar for trial, defendants appeal. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Joseph P. Brennan, for appellants.

Herman A. Heydt, for respondent.

McLAUGHLIN, J. The plaintiff, an infant six years of age, was run over by one of the defendants' cars, and sustained injuries resulting in the loss of one of her feet. Immediately following the accident, her father was induced by two men, who gave their names as Remington and Mason, to retain James A. Howard, an attorney of this court,

---

to bring actions against the defendants for the damages sustained. Two days later, through Howard, William Heiter, the girl's father, was appointed her guardian ad litem, and the following day two actions against defendants were commenced, one by him as guardian ad litem to recover $75,000 for the injury to his daughter, and the other in his individual capacity to recover $25,000 for loss of her services. After issues had been joined, negotiations were had which resulted in a settlement, and defendants giving to Howard's representative, Mason, a check for $4,000, drawn to the order of William Heiter, as guardian ad litem of Emily Heiter, or James A. Howard, attorney, and Mason delivered, in return, what purported to be general releases of both causes of action, a copy of a bond in the penal sum of $8,000 given by the guardian, and an order, purporting to have been granted at Special Term, permitting the guardian to compromise and settle the actions, and stipulations for the discontinuance, without costs, of both actions. Remington had a power of attorney from Howard to indorse checks, etc., and he and Mason cashed the check and then absconded, taking the money with them. Howard has since been disbarred.

The order permitting the compromise and settlement was a forgery, and the bond obtained by Heiter was never filed or approved, as required by section 474 of the Code of Civil Procedure. Upon proof of these facts the order appealed from was made, removing Heiter as guardian ad litem and substituting the plaintiff's mother in his stead, removing Howard as attorney and substituting other attorneys in his place, canceling and enjoining the use of the consent given by Howard to the discontinuance of this action, upon which no order had been entered, and permitting the plaintiff to put the case upon the calendar for trial.

Section 474 of the Code of Civil Procedure provides that the guardian ad litem of an infant "shall not be permitted to receive money or property of the infant * * * until he has given sufficient security, approved by a judge of the court or a county judge, to account for and apply the same, under the direction of the court." Rule 51 of the general rules of practice contains a similar provision. The bond of the guardian ad litem, when the $4,000 was paid, had never been approved, and he could not legally have received the money. This the defendants were bound to know, or make the payment at their peril. If the guardian ad litem could not legally receive, they could not legally pay. The attorney of a guardian ad litem has no greater power than the guardian ad litem himself. A receipt of money by the attorney is the act of the guardian, unless it is to be regarded as the act of a stranger, and in either case, unless the bond were given, would it be a protection.

In Galmbacher v. Newman (Super. N. Y.) 18 N. Y. Supp. 198, it was held that where a judgment had been obtained by an infant, and his guardian ad litem was unable to give such security, the defendant might pay the money into court. In Wileman v. Metropolitan St. Ry. Co., 80 App. Div. 53, 80 N. Y. Supp. 233, where the plaintiff, in an action brought by her guardian ad litem, recovered a money judgment, it was held that neither the guardian ad litem nor her attorney could take a single step towards the enforcing of the collection of the judgment, either by execution or otherwise, until the guardian ad litem had

given the required security. In Wuesthoff v. Germania Life Ins. Co., 107 N. Y. 580, 14 N. E. 811, it was held that, while an obligation due an infant may be discharged by payment to the guardian of the infant, it is with the qualification that the guardian is authorized to receive the payment.

Here the fact is not disputed that the guardian ad litem had not given the security required by law, and this was, or ought to have been, known to the defendants. The guardian ad litem was not authorized to receive any money in settlement of the cause of action, and Howard, the attorney, had no more authority or power than he had. If this conclusion be correct, then the payment by the defendants to Howard was of no effect whatever, so far as the rights of the plaintiff are concerned. Indeed, it may well be doubted whether the guardian ad litem could compromise and settle the action at all, without an order of the court. Edsall v. Vandemark, 39 Barb. 589. The parties seem to have recognized this by the delivery and acceptance of what purported to be an order to that effect.

It is strenuously urged that Howard had power, as an attorney, to consent to a discontinuance of the action, and that the consent which he gave is binding upon the plaintiff. Whether or not he had such power, the court unquestionably, when all the facts were laid before it, had the power to set aside the stipulation or enjoin its use. The stipulation had not been acted upon, and I think it would have made no difference if it had; that is, no order of discontinuance had been entered, and the party aggrieved is an infant, the ward of the court. The court never hesitates to set aside a stipulation procured by fraud, when the party asking the relief is himself free from fault. The case for the defendants is a hard one. They seem to have acted in the utmost good faith in making the payment; but, nevertheless, we think they did not take the precaution which the law requires, and therefore the loss, whatever it may be, should fall upon them, and not upon the innocent party.

The order appealed from is therefore affirmed, with $10 costs and disbursements. All concur.