MICHAEL GREENBURG, an Infant, by LEO GREENBURG, His Guardian ad Litem, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Guardian and ward — judgment recovered by infant in action for negligence — unless guardian for infant has made and filed bond required by statute (Code Civ. Pro. § 474) neither guardian nor attorney for infant can give valid satisfaction of judgment.

Under section 474 of the Code of Civil Procedure a guardian *ad litem* cannot legally receive the money or property of an infant until he has given the security required thereby. Section 1260 gives to the attorney of record of a party the right to execute a satisfaction of the judgment at any time within two years after its recovery. *Held*, that effect is given to both sections by assigning to each its proper relation to the other, when construed so that section 1260, although apparently of general application, is limited by the directions of section 474, in case the judgment to be satisfied has been recovered on behalf of an infant. Hence where a defendant paid a judgment to the attorney for such a guardian, who had not given the required security, defendant is not protected by the payment.

*Greenburg* v. *N. Y. C. & H. R. R. R. Co.*, 160 App. Div. 888, affirmed.

(Argued February 24, 1914; decided March 24, 1914.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 20, 1914, which modified and affirmed as modified an order of Special Term granting a motion to set aside a satisfaction of a judgment and to permit execution to issue on the judgment.

In April, 1902, the respondent, Michael Greenburg, then an infant about eight years of age, brought an action through Leo Greenburg, his father and guardian *ad litem*, to recover damages for personal injuries sustained by him as the result of defendant's alleged negligence. After the cause had been placed upon the day calen-

dar of the trial court the attorneys for the respective parties entered into negotiations for settlement, which resulted in the defendant's offer to allow judgment to be taken against it for $3,000 damages and $500 costs, and the acceptance of the offer by the plaintiff's attorney and the guardian *ad litem.* Upon application to the court this arrangement was approved.

On March 21st, 1905, judgment was accordingly entered against the defendant for $3,500. Within a few days thereafter this sum was paid to the attorney for the plaintiff in the action, who signed and acknowledged a satisfaction of judgment, and the judgment was satisfied of record on the 4th day of April, 1905. The attorney for the plaintiff then paid over to the guardian *ad litem* the sum of $3,000 of the amount received from the defendant, retaining for himself the sum of $500, which had been agreed upon. When the payment was made to the guardian *ad litem* he had not filed the bond required by section 474 of the Code of Civil Procedure, and he never filed a bond thereafter. He never accounted to the infant for the sum thus received. Both the guardian and the attorney have since died.

In September, 1913, the infant, having then become of age, made this motion to set aside the satisfaction of judgment and for leave to issue execution. The motion was based upon the grounds that the guardian *ad litem* had converted the fund, and that in view of his failure to file a bond the defendant was never authorized to pay the amount of the judgment to either the attorney or the guardian.

The motion was granted at Special Term. Upon appeal to the Appellate Division, the order was modified so as to limit the issuance of execution to the sum of $3,000, instead of $3,500. The modification was upon the theory that the plaintiff could not recover the $500, which was allowed as costs of the action, and which the original attorney retained. The plaintiff took no appeal

from the modification made by the Appellate Division. An appeal by the defendant to this court was then allowed, and the question certified for our determination is whether under these circumstances the satisfaction of judgment given by the original attorney for the plaintiff was valid in law as a complete discharge of the defendant's liability.

*Jacob Aronson* and *Charles C. Paulding* for appellant. The satisfaction piece, duly executed by Mr. Danforth and filed in the county clerk's office on April 4, 1905, constitutes a complete discharge of the appellant's liability upon the judgment. (Code Civ. Pro. § 1260.) Michael Greenburg, the infant, was the plaintiff in the action. (*Morgan* v. *Potter*, 157 U. S. 195; *Leopold* v. *Meyer*, 10 Abb. Pr. 40; *Segelken* v. *Meyer*, 94 N. Y. 473; *Perkins* v. *Stimmel*, 114 N. Y. 359; *Anonymous*, 2 Hill, 417; *Hill* v. *Thatcher*, 3 How. Pr. 407; *Burkham* v. *Cooper*, 2 Ohio C. C. 77; *Bryant* v. *Livermore*, 20 Minn. 313; *Soule* v. *Winslow*, 64 Me. 518.) Mr. Danforth was the attorney, not for the guardian *ad litem*, but for the infant plaintiff. (*Stroyd* v. *Traction Co.*, 15 Penn. Sup. Ct. Rep. 245; *Walsh* v. *Walsh*, 116 Mass. 377; *Doe* v. *Brown*, 8 Blackf. 443.) If the infant was the party plaintiff, and Mr. Danforth his, rather than the guardian's, attorney, such attorney had authority to satisfy the judgment. (*Oxford Knitting Mills* v. *Sutton*, 127 Ga. 162; *Stroyd* v. *Traction Co.* 15 Penn. Sup. Ct. Rep. 245; *B. & O. R. R. Co.* v. *Fitzpatrick*, 36 Md. 619; *Baker* v. *P. M. Ry. Co.*, 142 Mich. 497; *Beliveau* v. *Amoskeag Co.*, 68 N. H. 225; *State ex rel. Lane* v. *Ballinger*, 41 Wash. 23; *Wood* v. *Claiborne*, 82 Ark. 514; *Steinhart* v. *Baker*, 25 App. Div. 197; *Wheeler* v. *Scully*, 50 N. Y. 667; *Gregory* v. *Molesworth*, 3 Atkyn, 626.) The defendant did not pay the money to the guardian *ad litem*, nor to his personal attorney. It did pay the money to the attorney for the plaintiff and received from him the usual sat-

isfaction piece.   At that moment the defendant's duty in
the premises was concluded.   If thereafter the attorney
for the plaintiff paid a portion of the money, so received,
to the guardian *ad litem*, who had not filed a bond or an
undertaking, and the infant was damaged, his remedy is
against the attorney.   (*Wood* v. *Claiborne*, 82 Ark. 514;
*Calmbacher* v. *Neuman*, 45 N. Y. S. R. 567; 28 Abb.
[N. C.] 155; *Matter of Hart*, 131 App. Div. 661.)

*George H. Mallory* for respondent.   The guardian
having omitted to give the security required by law was
unauthorized to receive the amount of the judgment,
and, therefore, payment to such guardian would not dis-
charge the obligation of defendant to the infant.
(*Wuesthoff* v. *Ger. L. Ins. Co.*, 107 N. Y. 580; *Calm-
bacher* v. *Neuman*, 28 Abb. [N. C.] 155; *Heiter* v. *Joline*,
135 App. Div. 15.)   Neither the guardian *ad litem* nor
the attorney employed by him has authority to receive
and receipt for or satisfy any judgment that may be
recovered in behalf of the infant where no bond has been
given.   (*Lane* v. *Ballinger*, 3 L. R. A. 72; *Glass* v.
*Glass*, 76 Ala. 371; *Barber* v. *Williams*, 4 Heisk. 522;
*Smith* v. *Redus*, 9 Ala. 99; *Next Friend* v. *Boyd*, 5 Por-
ter [Ala.], 388; *Benton* v. *Pope*, 5 Humph. 392; *Oody* v.
*R. I. Co.*, 105 Tenn. 515; *A. L. P. Co.* v. *Davis*, 108
Tenn. 251; *Carpenter* v. *Schermerhorn*, 2 Barb. Ch. 314;
*Bernard* v. *Merrill*, 91 Me. 361.)   A guardian *ad litem*
is a party to the suit within the meaning of statutes
relating to the conduct of suits.   (*Leavitt* v. *Bangor*, 41
Me. 458; *Crosseu* v. *Deyoe*, 17 Mass. 222; *Deford* v. *State*,
30 Md. 179; *Sutton* v. *Nichols*, 20 Kan. 43; *Bernard* v.
*Merrill*, 91 Me. 358; *Tripp* v. *Gifford*, 155 Mass. 109;
*People* v. *New York*, 11 Wend. 164; *Leftwick* v. *Hamil-
ton*, 9 Heisk. 310.)

WERNER, J.   Every case in which one of two innocent
persons must suffer for the act or default of a third person,
involves some hardship which the courts are unable to

mitigate or prevent. The nearest approach to justice in such cases is to lay the burden upon the party through whose agency or initiative the wrong was made possible.

In the case at bar the question is whether the infant plaintiff or the defendant shall suffer for the dereliction of duty by the guardian *ad litem* in receiving money which he had no right to receive until he had qualified by giving a bond. ˙ The language of the statute is that "a guardian appointed for an infant  *  *  * shall not be permitted to receive money or property of the infant, other than costs and expenses allowed to the guardian by the court, until he has given sufficient security, approved by the judge of the court, or a county judge, to account for and apply the same, under the direction of the court." (Code Civ. Pro. sec. 474.) The reason for this legislation is not far to seek. It grows out of the duty of the courts to protect those whom the law regards as incompetent to look after their own interests. Infants are the wards of the courts, and our rules of practice abound in provisions of ancient origin designed to safeguard their legal rights.

In view of the conceded fact that the guardian *ad litem* never complied with the requirement for a bond, it may be safely assumed without argument that the defendant would not have been authorized to pay directly to the guardian the judgment which was recovered on the infant's behalf; and such a payment would, of course, not protect the defendant against a subsequent demand by the infant, based upon the guardian's conversion of the fund.

The defendant did not deal directly with the guardian, but paid the judgment to the plaintiff's attorney; and such payment, the defendant contends, is expressly authorized by another section of the Code, which gives to the attorney of record of a party the right to execute a satisfaction piece at any time within two years after the recovery of the judgment. (Code Civ. Pro. sec. 1260, subd. 1.)

Here we have two sections of the same Code which must be so construed, if possible, as to give effect to each, and we can see no obstacle to the application of that rule. Section 1260, authorizing attorneys of record to execute satisfactions of judgments within two years from the date of recovery, was originally incorporated in the Revised Statutes adopted in 1830 (2 R. S. p. 362, sec. 24), and we are informed by the note of the revisers that there was then a prevailing impression that under the common law an attorney of record had the right to satisfy his client's judgment within a year of the entry thereof. In order to remove any doubt on the subject the legislature enacted the statute (5 Edmunds Statutes at Large, p. 548), which has ever since been in force without change except that it has been transplanted to the Code of Civil Procedure.

Section 474 of the present Code also had its origin at an early day. It was first promulgated as a rule of court which still exists. When the old Code of Procedure was adopted it was made section 420 (Vorhees Code, 1857), and in the present Code it is re-enacted as section 474. This history of the two sections (474 and 1260) clearly shows that there is nothing new in either one, and that they have both been long known as component parts of our system of practice. Effect can be given to both by assigning to each its proper relation to the other. Section 474 is designed to protect the rights of infants. Its express command cannot be ignored. The guardian cannot legally receive the money or property of his ward until he has given the requisite bond. Section 1260, although apparently of general application, must be limited by the directions of section 474, where the judgment to be satisfied has been recovered on behalf of an infant.

With much plausibility the learned counsel for the defendant argues that such a construction of section 1260 is incompatible with the true status of the attorney for the infant plaintiff, because it is the infant and not

the guardian *ad litem* whom the law recognizes as the real party to the action. The answer to this argument is that just because the infant is the party, he must be represented by a guardian who chooses the attorney, and the latter has and should have no greater authority than the person who appoints him. (Schouler's Dom. Relations [5th ed.], § 453; *Eidam* v. *Finnegan*, 48 Minn. 53; *Crotty* v. *Engle*, 35 W. Va. 143.) In such cases the attorney does represent the infant; but he represents him through the mediation of the guardian from whom he directly receives his appointment and derives his authority.

Although there are no decisions in this state upon identical facts, there are several which recognize the principle which we think is controlling here. The orders of the courts below were based upon the cases of *Heiter* v. *Joline* (135 App. Div. 13) and *Wileman* v. *Met. St. R. Co.* (80 id. 53). In the *Heiter* case the plaintiff was an infant who appeared by guardian *ad litem*. The defendant paid to the attorney for the plaintiff a sum which had been agreed upon in settlement of the plaintiff's damages. The order of the court purporting to approve the settlement and the guardian's bond, which was never filed, proved to be forgeries. The attorney converted to his own use the money which he received. It was held that the defendant there was not protected by the payment to the attorney. In the *Wileman* case the guardian for the infant refused to file a bond and yet insisted upon issuing execution against a defendant ready to pay when the guardian should properly qualify. The execution was set aside.

Another case quite analogous in principle is *Lowman* v. *Elmira, C. & N. R. R. Co.* (85 Hun, 188; affd. on opin. below, 154 N. Y. 765), where the defendant paid to the attorney for a plaintiff administrator the amount of a judgment for damages for causing the death of an intestate. This satisfaction piece was executed by the plaintiff's attorney and the fund was paid over to the administrator. It transpired that the limited letters of admin-

istration did not entitle the plaintiff to receive payment, and he failed to account for the money. Upon the application of another administrator subsequently appointed, the satisfaction piece was set aside and the defendant was compelled to pay a second time.

Human ingenuity has as yet been able to invent no method by which such cases as this can be decided without inflicting hardship upon some one who has acted in good faith. In a case like the one at bar there are only two alternatives. The first is to hold that section 1260 must be construed literally according to its letter. This will bind infants, the wards of the law, by the acts of attorneys who prove to be dishonest or careless. The purpose of all our law regarding infants and incompetents is plainly repugnant to such a consummation. The second is to require defendants, dealing with infants through their guardians *ad litem* and attorneys, to ascertain whether there has been a compliance with the requirements of the law designed to safeguard the interests of the infant. There is nothing harsh in this as a general working rule, for the facts which determine the right of a guardian *ad litem* or his attorney to receive the infant's funds or property are always easily ascertainable. To hold that the authority of an attorney, under section 1260, is limited by section 474 is much more just and less dangerous in practice than to hold that the naked letter of section 1260 authorizes an attorney for a guardian *ad litem* to satisfy a judgment when the guardian has not qualified according to law. In this connection it is to be remembered that until the statutory guardian *ad litem* has thus qualified by giving his bond he is a mere *prochein ami*, or next friend, whose duty begins and ends with the prosecution of the infant's suit. At common law the next friend had no right whatever to receive the infant's property.

This is a hard case for the defendant, but such instances must occur. Banks are made to pay a second

time when they have once paid upon forged instruments. Insurance companies sometimes pay to the wrong person and are compelled to pay over again. A person paying money under a power of attorney revoked by death subjects himself to personal liability. (*Weber* v. *Bridgman,* 113 N. Y. 600.) A satisfaction of mortgage forged by a trustee is not binding. (*Vohmann* v. *Michel,* 185 N. Y. 420.) And this list might be indefinitely extended by other illustrations.

We think the courts below should be sustained and the orders affirmed, with costs, and question certified answered in the negative.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and MILLER, JJ., concur.

Orders affirmed.