(No. 11755.—Reversed and remanded.)

FRANK PASKEWIE, Appellee, *vs.* THE EAST ST. LOUIS AND SUBURBAN RAILWAY COMPANY, Appellant.

*Opinion filed December 19, 1917.*

1. INFANTS—*legally qualified guardian is only person entitled to receive payment for infant.* The only person authorized to receive and take charge of the property or estate of a minor is the legally qualified guardian, and no one but such guardian has authority to receive payment and enter satisfaction of a judgment recovered in favor of the infant.

2. SAME—*next friend bringing suit for a minor cannot receive payment of or satisfy judgment recovered.* The duty of the next friend bringing a suit for a minor begins and ends with the prosecution of the suit unless he is authorized by statute to take further action, and in the absence of any statutory provision he is not required to give a bond to the minor and is not authorized to receive payment of and to satisfy the judgment recovered.

3. SAME—*attorney bringing suit for minor derives his authority from the next friend.* The attorney for a minor who sues by his next friend derives his authority solely from the next friend and is not authorized to receive payment and enter satisfaction of the judgment recovered.

4. SAME—*the father of an infant has no right to custody of estate of the child.* The father of an infant has no right, by reason of the parental relation, alone, to the custody of the estate of his minor child or to receive payment of a judgment recovered in favor of the minor.

5. SAME—*a plea of payment to "plaintiff" is not subject to demurrer in an action of debt on judgment for infant by his guardian.* In an action of debt by a guardian on a judgment in favor of his

281 — 25

ward, a plea alleging, in general terms, payment of the judgment to the "plaintiff" is not subject to demurrer whether the guardian or the minor is regarded as plaintiff, as the guardian is the proper plaintiff under the statute and is alone authorized to receive such payment, and if the minor were treated as plaintiff the defendants would still have the right to prove, under such plea, that the payment was made to the guardian.

6. SAME—*what necessary to avoid paying interest on judgment in favor of minor.* A judgment bears interest from the date it is rendered, and where a party against whom a minor, by his next friend, has recovered a judgment desires to pay the judgment and prevent the accruing of interest, he should apply to the probate court for the appointment of a guardian to receive payment, if there is no legally qualified guardian.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

HILES & SIMPSON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal by the East St. Louis and Suburban Railway Company from a judgment of the Appellate Court for the Fourth District affirming a judgment of the circuit court of Madison county in an action of debt brought by Frank Paskewie, a minor, by H. C. Gerke, his guardian, and comes to this court upon a certificate of importance.

The declaration consists of one count, and alleges that Frank Paskewie, by John Paskewie, his next friend, on August 10, 1914, recovered a judgment against appellant for $444 and costs in the St. Clair county circuit court; that the same remains in full force, and that appellant has not paid to appellee the amount of said judgment or any part thereof but refuses to do so. Appellant filed three pleas, to which demurrers were sustained, and then, upon leave granted, filed an additional plea, to which a demurrer was

also sustained. The appellant elected to stand by its pleas and judgment was rendered for $478.96, $34.96 of which was the amount of accrued interest from August 10, 1914, the date of rendition of judgment in the circuit court of St. Clair county.

By its first plea the appellant stated that it "did, on the 10th day of August, 1914, pay to the plaintiff the said sum of $444 damages recovered by said plaintiff against the defendant in the St. Clair county circuit court, as in said declaration alleged." By its second plea it alleged that after the recovery of the judgment declared upon, it paid the attorney of record of the plaintiff in the suit in which the judgment was recovered the said sum of $444, together with costs. By the third plea it was alleged that payment had been made to the attorney for plaintiff in the suit in the circuit court of St. Clair county, who was then an attorney at law and the attorney of record for the plaintiff, and that said attorney thereupon discharged and satisfied the said judgment of record. The additional plea alleged that appellant, after the recovery of the judgment sued on, caused the sum of $444 to be paid to the father of plaintiff as full payment and discharge of that judgment; that the plaintiff was then, and yet is, a minor, and that the father was next friend of plaintiff in the suit in which the judgment declared on was recovered and accepted said sum in payment and discharge of that judgment; that plaintiff then was, and since is, a minor, living with his father as a member of his family; that the sum so paid to the father was expended for physicians' bills, care, maintenance, education, and other necessaries for the sole use and benefit of plaintiff, prior to the bringing of this suit, and that at the time of such payment to the father the plaintiff had no guardian.

The principal question raised by these pleadings is whether a judgment secured by a minor may be satisfied by payment of the amount recovered to the next friend or his attorney. In this State there is no statute which ex-

pressly or by implication authorizes such a payment. Under our statutes the only person authorized to receive and take charge of the property or estate of a minor is the legally qualified guardian, and it is the general rule that no one but the legal guardian of an infant has authority to receive payment and enter satisfaction of a judgment recovered in favor of such infant. The duty of the next friend begins and ends with the prosecution of the infant's suit, unless by statute he is authorized to take further action after the termination of the suit. The precise question here raised has never before arisen in this State and there is not a great volume of authority in other jurisdictions. The weight of authority in jurisdictions where no statutory provision on the subject exists is to the effect that the next friend does not have the right to receive payment of and to satisfy a judgment recovered in behalf of the infant. (See *Smith* v. *Redus,* 9 Ala. 99; *Glass* v. *Glass,* 76 id. 368; *Barbee* v. *Williams,* 4 Heisk. 522; *Miles* v. *Kaigler,* 10 Yerg. 10; *Benton* v. *Pope,* 5 Humph. 392; *Cody* v. *Roane Iron Co.* 105 Tenn. 515; *Fletcher* v. *Parker,* 53 W. Va. 422; *Gulf, Colorado and Santa Fe Railroad Co.* v. *Styron,* 66 Tex. 421; *Galveston City Railroad Co.* v. *Hewitt,* 67 Tex. 473; *Greenburg* v. *New York Central and Hudson River Railroad Co.* 210 N. Y. 505; *Allen* v. *Roundtree,* 1 Spear, [S. C.] 80; 22 Cyc. 407.) These cases are grounded upon sounder reasoning than the few holding to the contrary. While the next friend acts by the appointment of court, express or implied, and is subject to the orders and direction of the court and may be removed, he acts only for the purposes of the suit. In the absence of any statutory provision he is not required to give a bond to the infant and is not authorized to receive any of the infant's property. To hold that a demand due an infant could be discharged by payment to one who was not legally authorized to receive it and who could be forced to pay the money over only in case he was solvent, would not only re-

sult in depriving an infant of that protection which the law has ever thrown around him but would be in direct conflict with our Guardian and Ward act.

As the next friend has no authority to receive payment and enter satisfaction of the judgment, it necessarily follows that the attorney, who derives his authority solely from the next friend, is not clothed with such authority. *Collins v. Gillespy,* 148 Ala. 558.

So far as the allegation in the third plea, that appellant paid the amount of the judgment to the father of plaintiff, is concerned, that allegation does not present a defense, because the father has no right, by reason of the parental relation, to the custody of the estate of his minor child. *Perry v. Carmichael,* 95 Ill. 519.

The court properly sustained the demurrers to the second and third pleas and to the additional plea.

It is insisted that in any event the first plea is a good plea of payment. That plea in general terms alleges the payment of the amount of the judgment to the plaintiff. It will be noted that the action in the case under consideration was brought by Frank Paskewie, a minor, by H. C. Gerke, his guardian. Our statute on guardian and ward provides that the guardian shall demand and sue for, and receive in his own name as guardian, all the personal property of and demands due his ward. Regarding the guardian as the only proper person plaintiff in this action, the plea squarely alleges payment of the amount of the judgment secured in the circuit court of St. Clair county to the guardian. Treating the minor as the plaintiff here, as is done by counsel, the plea is still a good plea of payment, because under the statute the only legal payment that could be made to the minor would be one made to his legally qualified guardian, and the effect of the allegation of this plea is that the payment was so made. Under this plea appellant would have a right to prove, if it could do so, that it had paid the amount of this judgment to the legal guardian of the minor. The

plea was sufficient and the court erred in sustaining the demurrer thereto.

Appellant contends that the damages assessed were excessive, as it appears from the record that the judgment was secured on August 10, 1914, and no guardian was appointed for the minor until September 14, 1914, and as there was no one authorized to receive the amount of the judgment during that period it should not bear interest until after the appointment of the guardian. A judgment in this State bears interest from the date it is rendered, and there is no reason for any exception in this case. Appellant had the right, if it desired to pay the judgment and prevent the accruing of interest, to apply to the probate court for the appointment of a guardian for the minor.

The judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court, with directions to overrule the demurrer to the first plea.

*Reversed and remanded, with directions.*

---

(No. 11772.—Judgment reversed.)
THE PEOPLE *ex rel.* William F. Downs, Appellee, *vs.*
L. F. BROWN *et al.* Appellants.

*Opinion filed December 19, 1917.*

1. EVIDENCE—*courts take judicial notice of legislative appropriations.* Appropriation acts are public laws, of which the courts will take judicial notice the same as of constitutional provisions, and it is not necessary to offer them in evidence.