PACE *et al. v.* REID *et al.*

(Division B. Oct. 20, 1930.)

[130 So. 294. No. 28863.]

T. A. Clark, of Iuka, for appellants.

**W. B. Ellis**, of Iuka, for appellees.

**Anderson, J.**, delivered the opinion of the court.

The appellees, creditors of the estate of Mollie Newsome, deceased, filed their bill in the chancery court of Tishomingo county in the matter of the administration of the estate of said decedent, against appellants, C. L. Pace, administrator of the estate, and the surety on his bond, for the purpose of charging the administrator, for the benefit of creditors, with the proceeds of a life and accident policy which was owned by the decedent at the time of her death. There was a trial on bill, answer, and proofs, resulting in a decree granting the prayer of appellees' bill; and from that decree appellants prosecute this appeal.

Mollie Newsome died intestate, the only estate she owned at her death being a life and accident insurance policy in the Interstate Life & Accident Company, of

Chattanooga, Tennessee. The appellant Pace was appointed administrator of her estate; the sureties on the administrator's bond were E. R. Ligon, now deceased, and the other appellant in this cause, J. C. Jourdan, Jr. The surety, E. R. Ligon, was the attorney of record of the administrator, and attended to the administration of the estate, so far as it progressed. The claim of the estate on the life and accident insurance policy was compromised and settled. The Interstate Life & Accident Company sent a voucher, payable to the order of the administrator, for the compromise amount. This voucher was sent to Mr. Ligon, who, as stated, was the attorney of record of the administrator, who indorsed the voucher and collected the proceeds thereof, but failed to turn same over to the administrator. The authority to make the compromise settlement is not questioned.

Appellants contend that the administrator is not liable for the proceeds of the insurance policy, because they were neither received by him, nor by any person authorized to act for and on his behalf; that Ligon, the attorney for the administrator, had no right to receive and receipt for the proceeds of the policy.

An attorney employed to recover by suit, or to collect without suit, a debt or claim due his client, is authorized to receive and receipt for such debt or claim, when paid; and in doing so, he binds his client. Butler v. Jones, 7 How. 587, 40 Am. Dec. 82; Hiller v. Ivy, 37 Miss. 431; 2 R. C. L. 993, sec. 73; 6 C. J., p. 654, sec. 164.

The same principle, of course, applies as between an administrator and his attorney of record.

Affirmed.