DONALD HONADLE, an Infant, by FRED HONADLE, His Guardian ad Litem, Appellant, *v.* VIRGIL STAFFORD, Respondent.*

Fourth Department, May 23, 1934.

* Affg. 150 Misc. 412.

William J. Fredel [Esmond D. Murphy of counsel], for the appellant.

Frank Gibbons, for the respondent.

CROSBY, J. The infant, by his guardian *ad litem*, brought an action against defendant which was settled and compromised at $900 pursuant to an order of the Special Term. The order provided that out of the $900 the guardian *ad litem* " is authorized and empowered to retain as and for the services of his attorney * * * the sum of $300 and that the balance of $600 be held by him as general guardian of the above named infant plaintiff, upon letters of guardianship issued to him out of the Surrogate's Court," etc.

The guardian *ad litem* procured his appointment as general guardian by the Surrogate's Court and qualified as such guardian, then executed a release of the infant's cause of action and placed it, together with his letters of general guardianship, into the hands of his attorney who procured the money from defendant and executed a stipulation of discontinuance and delivered the general release and stipulation to defendant's attorney. The attorney for the guardian has never paid the $600 to the guardian, and he has been disbarred.

This is an appeal from an order of the Special Term denying a motion by the guardian to compel defendant either to pay the $600 or else suffer the cancellation of the release and of the stipulation and order of discontinuance.

The practice followed by the Special Term, of ordering the infant's money paid to a general guardian, when appointed, is authorized by the Rules of Civil Practice (Rule 41, subd. 4), and is a good practice, for, as a practical matter, a general guardian is subjected to a more constant and vigilant supervision than is usually given to any other kind of guardian. (Surr. Ct. Act, § 190.)

The question involved in this appeal is whether or not the defendant is protected in his payment to the attorney whom the guardian selected and to whom he intrusted the indicia of authority to make the settlement and receive the money, that is, the general release and the letters of guardianship. In my opinion he was.

To be sure, infants are the wards and the special care of the courts. But even infants have to have attorneys who are officers of the court and fortunately trustworthy as a general rule. The general guardian has given a bond and is answerable to the Surro-

gate's Court for the faithful performance of his duty toward the infant's property.

Our attention has not been called to any authority directly in point in this State. Dicta can be found where it is said that " A receipt of money by the attorney is the act of the guardian," etc. (*Heiter* v. *Joline*, 135 App. Div. 13.) That was a case where payment to the guardian's attorney was held not to protect the defendant because the order authorizing the settlement had been forged, the guardian had given no bond, and it was held that defendant was bound to see that the guardian was authorized to receive the infant's money before paying it to the infant's attorney.

The case of *Wileman* v. *Metropolitan St. R. Co.* (80 App. Div. 53) is much the same kind of a case. The guardian had given no bond, and the court said that " the guardian *ad litem* being prohibited from receiving the amount of the judgment, her attorney was also prohibited from receiving it." From these authorities I think the fair implication is that, had the guardian been authorized to receive the money, he could have authorized his attorney to act for him in that regard. (See, also, *Greenburg* v. *N. Y. C. & H. R. R. Co.*, 210 N. Y. 505.)

There are authorities in other States which intimate that an attorney for a general guardian may be dealt with safely, in reliance on his authority to act. *Collins* v. *Gillespy* (148 Ala. 558) is a case where a recovery for an infant was had in a suit brought for the infant by a " next friend." The court held that the attorney for the " next friend " could not enforce collection of the judgment, but that the money must be paid to a general guardian. The court said: " If the next friend has not the authority to receive payment or enter satisfaction, it follows logically that an attorney who derives the only authority he has from the next friend is not clothed with such authority." (See, also, *Paskewie* v. *East St. L. & S. R. Co.*, 281 Ill. 385, and *Pace* v. *Reid*, 158 Miss. 145, the latter a case in which the rights of an administrator, not a guardian, were involved.)

The case of *State ex rel. Lane* v. *Ballinger* (41 Wash. 23) is a case directly in point, and holds that an attorney for a special guardian has authority to receive money to satisfy a judgment recovered for an infant, and to give satisfaction of the judgment. We think the reasoning in that case is sound. The opinion states: " For reasons that are manifestly commendable, courts have always jealously guarded the rights of infants. At the same time, it frequently becomes necessary for infants to prosecute lawsuits for the protection of their rights in courts of justice, as it was in this case; and as a rule the same procedure that is applicable to the trial

of lawsuits in other cases must of necessity be applied to the trial of lawsuits where minors are parties, either plaintiff or defendant."

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concur, except TAYLOR and THOMPSON, JJ., who dissent and vote for reversal in an opinion by TAYLOR, J.

TAYLOR, J. (dissenting). The court order in this case, pursuant to which the settlement was made, provides specifically that the money paid in settlement shall be paid to the general guardian when he is appointed. The affidavit of the guardian in support of the motion states that it was the understanding that pursuant to the court order the $900 should be paid to him as guardian and that out of that fund he should retain $300 to be paid to his attorney. The guardian states that the releases were delivered to his attorney, but there is nothing else to indicate directly or indirectly that any authority was given by the guardian to any one to pay money to the attorney. In the face of the court order and without any more authorization than has been mentioned, the defendant and its surety company, through their attorneys, paid the full amount in cash to the plaintiff's attorney.

The case of *State ex rel. Lane* v. *Ballinger* (41 Wash. 23), cited by my brother CROSBY, passed upon the power of the attorney for an infant represented by a guardian *ad litem* without bond to satisfy a judgment in the infant's favor and to receive the money paid in settlement of the action. There was no court order of specific authorization as in the instant case. This statement in the opinion is of some significance: " It will be noticed in this case that, at the time of the satisfaction and payment of this judgment, the minor had no regular guardian." The decision rests in the last analysis upon a statute of the State of Washington reading thus: An attorney has power " to receive money claimed by his client in an action or special proceeding during the pendency thereof or after judgment upon the payment thereof, and not otherwise, to discharge the same or acknowledge satisfaction of the judgment;" and the court ruled that the statute applied to clients of all sorts, infants as well as adults. What position the court would have taken in the absence of a statute is a matter of conjecture. However, the Legislature must have deemed a statute necessary.

The law is jealous of the rights of infants and its policy — through statute and court decision — is to safeguard them to every reasonable extent. In view of the express terms of the court order authorizing the settlement, the law governing principal and agent is not sufficiently elastic to warrant a finding that this guardian — simply

by placing the releases and other papers in the hands of his attorney — gave authority to defendant and his insurer to place the settlement money in the hands of plaintiff's attorney. Delivery to the attorney of a check or draft to the order of the guardian or delivery of the cash to the guardian directly was clearly indicated by the court order — but not the delivery made. Whether or not the order of the court should prevail under its literal reading in case the guardian had directly authorized payment to the attorney as the guardian's agent, we are not called upon to decide. But nothing short of such direct authorization, no inferential agency, should be permitted to outweigh the specific directions made by the court in its order for the infant's protection. The order appealed from should be reversed and the motion granted.

THOMPSON, J., concurs.

Order affirmed, with ten dollars costs and disbursements.